Lawless *v.* State.

JOHN LAWLESS *v.* THE STATE.

1. CRIMINAL LAW. *Indictment.* *Plea in abatement.* A plea in abatement to an indictment filed by the District Attorney without a prosecutor, by order of the Court, under the Code, sec. 5097, sub-sec. 9, that no witnesses were examined or proof taken by the Court that an indictable offense had been committed, is fatally defective, even if such plea will lie at all.

2. SAME. *Same.* *Different counts.* Where an indictment contained three counts, one for assault with intent to commit murder in the first degree, another for assault with intent to commit murder in the second degree, and the third for assault with intent to commit manslaughter, motions to quash the indictment and to compel the Attorney-General to elect upon which count he would proceed to trial, were properly overruled.

3. SAME. *Same.* *Amendment.* Upon an application to recommit an indictment to the grand jury for amendment, it is not necessary to mention the proposed amendment, and a return of the indictment by the grand jury in open Court, with an endorsement on the back, signed by the foreman, showing the amendments made in the indictment, and with the usual endorsement as a true bill of the amended indictment, would be good.

4. SAME. *Practice.* *Recalling witness.* It is in the discretion of the trial Court, after one of the defendant's witnesses has been examined, to permit the Attorney-General to recall the witness, and ask a question with a view to contradict the witness.

5. SAME. *Reasonable doubt.* A reasonable doubt as to any material element of a crime, or any fact essential to the defendant's guilt, will enure to his benefit.

6. SAME. *Same.* *Instructions.* In the absence of any special request for a further charge, it may be sufficient to say to the jury that they should acquit if the proof fails to satisfy their minds fairly and fully of an essential fact, but the defendant is entitled if he demands it, and the Court should give him the benefit of it without a demand, to the explanation that to fully satisfy the mind it must rest easy in the conclusion reached, or be satisfied of its truth beyond a reasonable doubt.

---

---

7. SAME. *Same.* Where a conviction is sought upon circumstances alone, the defendant, if he demands it, is entitled to the charge that the circumstances must be so strong, and well connected, as to exclude every other reasonable hypothesis but that of his guilt.

---

FROM SUMNER.

---

Appeal in error from the Circuit Court of Sumner County. J. C. STARK, J.

C. R. HEAD and LEE HEAD, for Lawless.

Attorney-General LEA, for The State.

COOPER, J., delivered the opinion of the Court.

The plaintiff in error was convicted of an assault with intent to commit murder in the second degree, and appealed in error.

An indictment was found against the prisoner at the February term, 1879, of the Circuit Court of Sumner County, upon which he was brought into Court by a capias returnable to June term.

On the 30th of June, the Attorney-General, with the consent of the Court, entered a *nolle prosequi,* but the prisoner was directed to be retained in custody until another indictment could be found. The following order was then made and entered on the minutes of the Court:

"It appearing to the Court, from proof, that an indictable offense has been committed in said county, and that John Lawless is accused with the commission thereof, and that no one will be prose-

cutor, it is therefore ordered by the Court that the District Attorney-General file an indictment officially."

An indictment was thereupon found by the grand jury, containing three counts, one for an assault with intent to commit murder in the first degree, another for an assault with intent to commit murder in the second degree, and the third for an assault with intent to commit manslaughter, each being obviously for the same assault on the same person.

The defendant filed a plea in abatement, to the effect that no witnesses were examined nor proof taken by the Court that an indictable offense had been committed.

This plea was, on motion of the Attorney-General, stricken from the files, and the action of the Court is now assigned as error.

By the Code, sec. 5097, sub-sec. 9, a prosecutor is dispensed with, and the District Attorney may file a bill of indictment upon an order of the Court to file it officially, which order may be made "when it appears to the Court" that an indictable offense has been committed, and that no one will be prosecutor. Previous to the Code, the discretion of the Court was limited by the Act of 1842, chap. 65, to cases where the Judge might be satisfied from the examination of witnesses in open Court. Even under this statute a general order like the one in this record was held sufficient, the presumption being that the Court

had done its duty: *Simpson* v. *State,* 4 Hum., 456;
*Bennett* v. *State,* 8 Hum., 123.

The Code drops this limitation, and allows the
exercise of the discretion, "when it appears to the
Court" that an offense has been committed. It
is clearly not necessary that the facts should ap-
pear by the examination of witnesses in open
Court, nor by proof formally taken. It would be
sufficient if the Court acted upon its own knowl-
edge, or, as in this case, upon the fact that an
indictment had actually been found against the de-
fendant at a previous term.

In this view, the plea which fails to negative
these sources of knowledge was clearly bad, and it
may be doubted whether any plea at all will lie
to the exercise of so discretionary a power.

The defendant next moved the Court to quash
the indictment because it charged three distinct
offenses in three several counts, for each of which
a different punishment is prescribed. This motion
being overruled, the defendant moved that the
Attorney-General be compelled to elect upon which
count he would put the defendant on trial, which
motion was also overruled. These rulings are as-
signed as error.

But it has long been settled in this State, in
accord with authority, that different offenses, pun-
ished by different degrees of severity, differing only
in degree, and belonging to the same class of
crimes, may be united, and it is not error in the
Court below to refuse to quash for this reason, or

to compel the prosecutor to elect on which of the charges he would proceed: *Hampton* v. *State*, 8 Hum., 69; *Cash* v. *State*, 10 Hum., 111. *A fortiori*, where the offense is the same, the several counts being inserted to meet the uncertainty of the evidence: *Boyd* v. *State*, 7 Cold., 77; *Wright* v. *State*, 4 Hum., 194; *Hall* v. *State*, 3 Lea, 559.

The assault in the present case was one, but it was uncertain whether the evidence would make out the higher or lower grade of offense: Code, sec. 5121. The doubt in such case was whether a single count for the highest grade would, under the Code, sustain a verdict for either of the lower grades. This doubt was resolved in the affirmative in *Smith* v. *State*, 2 Lea, 614. But there never was any doubt that separate indictments or counts would lie for each grade under the Code, sec. 4630: 2 Lea, 617.

The defendant having been arraigned, pleaded not guilty, and the cause was continued, upon application of the Attorney-General, to the next term. Afterwards, at the same term, [upon application of the Attorney-General, leave was granted him, over the exception of the defendant, to recommit the indictment to the grand jury for amendment. It was afterwards returned into Court by the grand jury endorsed thus: " This indictment, on being recommitted to the grand jury, is amended by inserting 'with a gun' in three places after 'Louisa Osborn' in each count. F. A. Taylor,

Foreman Grand Jury. A true bill. F. A. Taylor,. Foreman Grand Jury."

It is now objected that the motion to recommit does not mention the proposed amendment, and that the amendment being material, it was equivalent to a new indictment, and required the same formalities of submission to the grand jury—examination of witnesses and return into Court.

The record does show that, after the recommittal, the grand jury returned into open Court in a body the amended indictment, showing that it had been amended by them, and in what respect.

It is not required that the amendment should be mentioned in the application. Nor does it seem necessary to go through all the formalities, even when new counts are added, if done by the Attorney-General: *Hite* v *State*, 9 Yer., 198, 203. And for aught that appears, the same witnesses marked on the indictment were re-examined.

After one of the defendant's witnesses had been examined, the Court permitted the Attorney-General to recall the witness and ask her a question, with a view to contradict her. It is clear that the recall for this purpose did not make the witness the witness of the State, and the permission was one of those matters entrusted to the discretion of the Judge below which this Court cannot revise.

In his charge, after defining the ingredients necessary to constitute the crime of assault with intent to commit murder in the first degree, the Judge added: "If the proof satisfies your mind

fairly and fully, and beyond reasonable doubt, as it is sometimes called." The latter words cannot be seriously treated as error, for they do not qualify the material part of the charge—that the proof should satisfy the minds of the jury beyond a reasonable doubt. It is advisable, however, for the Circuit Judge to adhere strictly to the old and well settled formulas of the law, for then he is certain to be right "beyond a reasonable doubt." Any departure from the beaten track will inevitably lead to doubt and uncertainty. No exception can be fairly taken to this part of the charge, nor to the corresponding paragraph which follows the definition of assault with intent to commit murder in the second degree.

When his Honor comes to charge upon the venue, he tells the jury: "The proof must satisfy your minds fairly and fully that it was committed in the County of Sumner."

So, when he charges on the subject of insanity, he says: "You should take the whole body of the proof together, and if it fails to satisfy your minds fairly and fully of the soundness of the memory and discretion of the defendant, you should acquit."

So, when he comes to speak of crime being established by circumstances, he says: "It is not necessary that a fact or crime should be proved by positive proof or eye witnesses. It may be proved by circumstances, but when sought to be proved by circumstances, they must be so linked together as to make a perfect chain; no link must

be left out; and it must satisfy the mind *fully* of the truth of the proposition it is intended to establish."

The defendant specially requested the Judge to charge, in relation to the venue, that the jury must be satisfied "beyond a reasonable doubt" by the proof that the crime was committed in the proper county before they can convict. The defendant also specially requested the Judge to charge upon the question of insanity, "that if the jury have a reasonable doubt upon the soundness of the prisoner's mind at the time of the commission of the offense, they must acquit." So, upon the proof of the crime by circumstances, the defendant requested the Court to charge, "that if the jury have a reasonable doubt as to the existence of proof of any fact constituting a link in the chain of circumstances necessary to show the commission of the offense, they should acquit." The defendant further asked, in this connection, the following charge: "That if there was no positive proof of defendant's guilt, but a conviction is asked upon circumstances alone, that such circumstances must be so strong, and well connected, as to exclude every other reasonable hypothesis but that of his guilt." These charges the Judge refused to give.

It is a rule of the criminal law that the guilt of the accused must be fully proved. No weight of evidence is sufficient for the purpose unless it generates full belief of the fact to the exclusion of all reasonable doubt: 3 Greenl. Ev., sec. 29.

And a reasonable doubt as to any material element of a crime, or any essential fact, will enure to the prisoner's benefit. As, for example, doubt of the malice necessary to constitute murder: *Coffee* v. *State*, 3 Yer., 283; of the sanity of the prisoner: *Dove* v. *State*, 3 Heis., 348, 367; in relation to the proof of an alibi: *Chappel* v. *State*, 7 Cold., 92. The prisoner is therefore entitled to have the law in this regard properly charged. This may be done by expressly telling the jury that they should be satisfied beyond a reasonable doubt—a phrase well understood, although not easily defined: *Commonwealth* v. *Webster*, 5 Cush., 320. It may, no doubt, be sufficiently expressed in other language conveying the same meaning. It has been held by this Court that if the Judge say to the jury that the evidence must show the guilt of the defendant to their reasonable satisfaction, that their best judgments must be that the defendants are guilty, so that the mind may rest easy in the conclusion of guilt, it is equivalent to a charge that the State must show that the parties are guilty beyond all reasonable doubt: *Purkey* v. *State*, 3 Heis., 27.

The learned Judge in the present case undoubtedly intended to conform his charge to the requirements of the law. The mind that is "fully satisfied" of the truth of a fact may be considered as satisfied beyond a reasonable doubt. So if the Judge had charged that the fact must be "fully proved," the words might fairly imply the same character of proof. And in the absence of any spe-

cial request for a further charge, the charge in any of these forms might be good. But the defendant is entitled, if he demands it—and the Court should give him the benefit of it without a demand—to have an explanation of the words "fully proved" or "fully satisfied.' A fact is not "fully proved" in a criminal case unless the evidence generates full belief of the fact to the exclusion of all reasonable doubt. To "fully satisfy" the mind, the mind must rest easy in the conclusion, or be satisfied beyond a reasonable doubt. These latter words have long since, where used in a criminal case, acquired a meaning which it is dangerous to seek to supply by any other form of expression. In like manner, the charge asked for in relation to circumstantial evidence is the well recognized form of explaining the strength of circumstances necessary to "fully satisfy" the mind of the jury in such cases: *Smith* v. *State,* 2 Leg. Rep., 56.

The defendant was entitled to the charges asked for, and the Judge erred in refusing to give them.

The judgment must be reversed and the cause remanded for a new trial.