STATE *v.* PETRONE *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

NAT TIPTON, Assistant Attorney-General, for the State.

CHARLIE EMBRY, of Nashville, for defendants in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Defendants in error were presented by an indictment containing six counts. The first of said counts charged them with selling and tippling one pint of intoxicating

liquor as a beverage, on April 21, 1935, to Inspector E. A. Wright; the second count charged them with procuring intoxicating liquor; the third with the reception of intoxicating liquor; the fourth with possession of intoxicating liquor; the fifth with the interstate transportation of intoxicating liquor; and the sixth with the intrastate transportation of intoxicating liquor.

Defendants in error interposed a motion to quash the presentment on the sole ground "that said presentment is bad in that it shows on its face two distinct and separate offenses included in the said presentment." From the judgment of the trial judge sustaining the motion to quash, the state prayed and was granted an appeal to this court. The sole assignment of error made here is that the trial court erred in quashing the presentment.

Under section 11208 of the Code it is made a misdemeanor to sell intoxicating liquors. Under sections 11215 and 11216 of the Code it is made a misdemeanor to receive and possess intoxicating liquors. Under section 11218 it is made unlawful to transport intoxicating liquors in any quantity into this state, or from one place to another place within this state; the offenses defined in the above-mentioned sections of the Code belong to the same class of crimes.

In *Hall* v. *State,* 71 Tenn. (3 Lea), 552, 558, 559, the court said:

"The joinder of several distinct felonies of the same degree constitutes no ground of demurrer or arrest of judgment, and of course cannot be assigned as error in a revising court. *Wright* v. *State,* 4 Humph., 194. Separate offenses, punished by different degrees of severity, but differing only in degree and belonging to the same class of crimes, may be united, and often must be to

attain the ends of justice; as for example, the offenses of stealing and receiving stolen goods. *Hampton* v. *State,* 8 Humph., 69 [47 Am. Dec., 599]; *Cash* v. *State,* 10 Humph., 111; *Ayrs* v. *State,* 5 Cold., 26."

In *Lawless* v. *State,* 72 Tenn. (4 Lea), 173, 176, 177, the court said:

"But it has long been settled in this State, in accord with authority, that different offenses punished by different degrees of severity, differing only in degree, and belonging to the same class of crimes, may be united, and it is not error in the Court below to refuse to quash for this reason, or to compel the prosecutor to elect on which of the charges he would proceed: *Hampton* v. *State,* 8 Humph., 69 [47 Am. Dec., 599]; *Cash* v. *State,* 10 Humph., 111. *A fortiori,* where the offense is the same, the several counts being inserted to meet the uncertainty of the evidence: *Boyd* v. *State,* 7 Cold. [69], 77; *Wright* v. *State,* 4 Humph., 194; *Hall* v. *State,* 3 Lea [552], 559."

In *Tenpenny* v. *State,* 151 Tenn., 669, 270 S. W., 989, it was held that the felony of transporting more than one gallon of intoxicating liquor may be joined in indictment with counts charging misdemeanor of transporting less than one gallon and possessing such liquor.

The offenses of tippling and procuring liquor are in the same class as the offenses of receiving, possessing, and transporting. Obviously one cannot tipple intoxicating liquor unless he possesses it. Likewise, the procuring of intoxicating liquor involves both its possession and its transportation.

We think it was error for the trial judge to sustain the motion to quash, and the judgment of the trial court must be reversed and the case remanded for further proceedings. Defendants in error will pay the costs of this appeal.