W. C. Jackson

*v.*

State of Tennessee.

390 S.W.2d 202.

(*Jackson*, April Term, 1965.)

Opinion filed May 7, 1965.

H. T. Etheridge, Jr., Jackson, for plaintiff in error.

George F. McCanless, Attorney General, Marne S. Matherne, Assistant Attorney General, for the State.

14

MR. CHIEF JUSTICE BURNETT, delivered the opinion of the Court.

The plaintiff in error was convicted of selling intoxicating beverages. The indictment was returned on May 5, 1964. The misdemeanor upon which this indictment was based was committed on December 19, 1963, and the trial was had on September 9, 1964. The plaintiff in error plead not guilty to the charge. He was fined $500.00 and given six months in jail, provided that the jail sentence would be suspended on good behavior.

Plaintiff in error filed his motion to dismiss and quash the indictment on the ground that at the last term he had been adjudged guilty of possessing intoxicating liquors, and that the indictment here was based upon the identical facts and the same transaction as was the indictment there.

The evidence here is the same as the evidence in the previous case, as it pertains only to the sale of a "fifth" of vodka. The date is the same; the two agents of the State Alcoholic Beverage Commission collaborated in the purchase from the plaintiff in error, which is the same transaction here as it was in a previous case.

On December 19, 1963, early in the evening one of these agents drove to a building west of the City of Jackson with the other agent in the trunk of his car, purchased a

"fifth" of vodka from the plaintiff in error and after a chase back to the building he placed Jackson under arrest. The agent who was concealed in the car testified he heard the other agent order the vodka but did not see who took the order, or witness the delivery and payment.

The sale of intoxicating liquors is made unlawful by T.C.A. sec. 39-2502, which is based upon Chapter 1, sec. 1, of the Public Acts of 1909. This is the statute upon which the present conviction was based.

The receiving, possession and transportation of intoxicating liquors are made unlawful by T.C.A. secs. 39-2506, 39-2507 and 39-2508, respectively, which are based on Chapter 12, Sections, 1, 2 and 3 of the Acts of 1917. T.C.A. sec. 39-2507 is the Section covering the unlawful possession of intoxicating liquors, which was the statute upon which the first conviction was had on the factual situation here.

The Assistant Attorney General as well as the counsel for the plaintiff in error have cited a number of cases governing the rule of when offenses may be split into independent actions, and when the conviction or acquittal in one may be considered an acquittal in the other. The best opinion we have read on the subject is that of *Dowdy v. State,* 158 Tenn. 364, 13 S.W.2d 794 which analyzes this subject, and sets out four general rules for guidance in such cases. The Dowdy case involves a prosecution for drunk driving. This Court held that the case could not stand because Dowdy had previously been convicted of being drunk at the same time he was operating his automobile. This case, *Dowdy v. State,* supra, has been annotated by the annotators of A.L.R., in Volume 172, at page 1053, and there it is said:

"The test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed at the same time and by the same act."

██ Of course, criminal acts or delinquencies of the plaintiff in error cannot logically be carved into two distinct offenses carrying separate, distinct and successive punishments. The criminal conduct of the plaintiff in error of possessing liquor contrary to the statute was an integral part of the incident of selling this same liquor. When the State relied upon the same criminal act in both cases two convictions could not legally be obtained. Both offenses could be charged in the same indictment in different counts, and a conviction had upon either one or the other, but the State can prosecute but once; it would be otherwise if the two offenses were based upon separate criminal acts. Whether or not this was true would necessarily depend upon the evidence offered in support of the motion to dismiss and when the evidence did show that they grew out of the same acts the trial judge should have sustained the motion.

We think that the proposition here is absolutely controlled by our case of *State v. Petrone* (1936), 170 Tenn. 322, 95 S.W.2d 52, wherein this Court held that the counts in the indictment charging the offenses of tippling, procuring, receiving, possessing and transporting could, and properly should be joined in one indictment for reasons and authorities therein set forth. In this Petrone

case Code Sections involved in the indictment under the identical facts in the previous case were cited, and this Court held that when an indictment charges these various statutory offenses they should be treated together and are in the same class. The Court said with reference to a consideration of these various statutes, regardless of whether one was passed one year and another in another year, that, "The offenses of tippling and procuring liquor are in the same class as the offenses of receiving, possessing, and transporting. Obviously one cannot tipple intoxicating liquor unless he possesses it. Likewise, the procuring of intoxicating liquor involves both its possession and its transportation."

For the reasons herein set forth, we think it was error not to sustain the motion in behalf of the plaintiff in error to dismiss, and the case is consequently reversed and dismissed.