STATE of Tennessee, Appellee,

v.

Morris BEARD, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

June 25, 1991.

Permission to Appeal Denied by Supreme Court Sept. 30, 1991.

James Harvey Stutts, Asst. Public Defender, Sweetwater, J. Curwood Witt, Madisonville, for appellant.

Charles W. Burson, Atty. Gen., Rebecca L. Gundt, Asst. Atty. Gen., Nashville, Chalmers Thompson, Asst. Dist. Atty., Madisonville, for appellee.

## OPINION

F. LLOYD TATUM, Special Judge.

The defendant, Morris Beard, and his wife, Melinda Beard, were indicted for possession of more than one-half ounce and

less than ten pounds of marijuana with intent to sell, conspiracy to sell marijuana, and the sale and delivery of marijuana.

The defendant, Morris Beard, filed a pre-trial motion to require the State to elect between the possession count of the indictment and the sale count of the indictment. The Trial Court overruled this motion during trial.

After the State rested, the Trial Court granted Melinda Beard's motion for a judgment of acquittal on all counts and granted the defendant's motion for acquittal on the conspiracy count of the indictment. The Trial Judge submitted both the possession and sale counts of the indictment to the jury and the jury returned verdicts finding the defendant guilty on both of these two counts.

At the sentencing hearing, the Trial Judge set aside the guilty verdict for the sale of controlled substance and sentenced the defendant only on the possession count. The defendant was sentenced as a Range 1, Standard offender, to 18 months in the local jail, suspended after serving 12 months.

The defendant presents the following issues for review:

I. Whether the Court erred in not requiring the State to elect to proceed with prosecution for possession of a controlled substance with the intent to sell or the sale of the same controlled substance in that the defendant cannot be prosecuted on both?

II. Whether the Court erred in instructing the jury that these were separate and distinct offenses, either or both of which the defendant could be convicted of, thus allowing the jury to consider more charges against the defendant than they should have?

III. Whether the Court erred in sentencing the defendant on the felony conviction, and subsequently setting aside the misdemeanor conviction for sale of marijuana, when the misdemeanor was the factually greater offense?

IV. Whether the Court improperly considered the sentencing criteria in sentenc-ing the defendant, resulting in an excessive sentence in this cause?

The defendant does not attack the sufficiency of the evidence, but we will briefly outline the facts:

On April 28, 1989, Officer Terry Thomas and an informant went to the defendant's home and discussed purchasing marijuana with the defendant. The defendant produced a bag of marijuana and a small set of hand scales. The defendant weighed the bag which was approximately one-half ounce. He then took some marijuana from a second bag and placed it in the first bag so as to bring the weight of the first bag to one ounce. He sold this bag to Officer Thomas for the sum of $100.00.

■ The first two issues above-quoted will be disposed of together. The defendant relies heavily on *State v. Williams*, 623 S.W.2d 121 (Tenn.Crim.App.1981) for the proposition that the Trial Judge should have required the State to elect to prosecute on either the possession count or the sale count of the indictment. In the *Williams* case, the defendant was convicted of both possession and sale of hydromorphone. We held that the conviction for possession with intent to sell the drug and selling the same drug is prohibited by double jeopardy principles, stating that it was impossible to conceive of a situation where a defendant could sell drugs without being in possession, at least constructively. This court cured the error by reversing and dismissing the conviction for possession with intent to sell hydromorphone and let stand only the conviction for selling hydromorphone. In the case at bar, the Trial Judge has already dismissed the conviction for selling and left standing only the conviction for possessing the controlled substance.

Since these two offenses were based on the same conduct, known to the District Attorney and were within the jurisdiction of the same court, it was mandatory that they both be included in separate counts of the same indictment. Rule 8(a), Tenn. R.Crim.P.

In *State v. Johnson*, 765 S.W.2d 780 (Tenn.Crim.App.1988), the defendant was

convicted of both possessing cocaine with intent to sell and possessing cocaine with intent to deliver. This court held that the dual convictions for possessing the same cocaine constituted double jeopardy. One conviction was reversed and set aside and the other was affirmed.

It was not necessary for the Trial Judge to require the State to elect on which of the counts it would proceed. In *State v. Petrone*, 170 Tenn. 322, 95 S.W.2d 52 (1936), a defendant was charged with tippling, procuring, receiving, possessing, and transporting the same intoxicating liquors in separate counts of one indictment. In reversing a judgment of the Trial Court sustaining a motion to quash the indictment, the Supreme Court stated:

" 'The joinder of several distinct felonies of the same degree constitutes no ground of demurrer or arrest of judgment, and of course cannot be assigned as error in a reviewing court. *Wright v. State*, 4 Humph. 194. Separate offenses, punished by different degrees of severity, but differing only in degree and belonging to the same class of crimes, may be united, and often must be to attain the ends of justice; as for example, the offenses of stealing and receiving stolen goods. *Hampton v. State*, 8 Humph. 69 [47 Am.Dec. 599]; *Cash v. State*, 10 Humph. 111; *Ayrs v. State*, 5 Cold. 26.'

In *Lawless v. State*, 72 Tenn. (4 Lea) 173, 176, 177, the court said:

'But it has long been settled in this State, in accord with authority, that different offenses punished by different degrees of severity, differing only in degree, and belonging to the same class of crimes, may be united, and it is not error in the Court below to refuse to quash for this reason, *or to compel the prosecutor to elect on which of the charges he would proceed: Hampton v. State*, 8 Humph. 69 [47 Am.Dec. 599]; *Cash v. State*, 10 Humph. 111. A fortiori, where the offense is the same, the several counts being inserted to meet the uncertainty of the evidence; *Boyd v. State*, 7 Cold. [69] 77; *Wright v. State*, 4 Humph. 194; *Hall v. State*, 3 Lea [552] 559.'

In *Tenpenny v. State*, 151 Tenn. 669, 270 S.W. 989, it was held that the felony of transporting more than one gallon of intoxicating liquor may be joined in indictment with counts charging misdemeanor of transporting less than one gallon and possessing such liquor." (Emphasis added)

Likewise, this court, in *Halquist v. State*, 489 S.W.2d 88, 92 (Tenn.Crim.App.1972), stated:

"It is well settled in this State that if the different offenses charged in the different counts grow out of the same transaction, or if they be but different species of the same offense, the several counts may and should be joined in the same indictment. (citations omitted). In *Galbreath v. State*, 187 Tenn. 669, 216 S.W.2d 689, supra, the Court said: 'The insertion of several counts charging kindred offenses which the proof may develop to be a violation of one statute or another is a common and approved practice, and tends to a much more rapid dispatch of the business of the Court. We do not think such practice is either unfair or prejudicial to defendants.'

And where the several counts of an indictment are based upon the same transaction, the State cannot be required to elect to proceed upon one count or the other. *Raine v. State*, 143 Tenn. 168, 226 S.W. 189; *Lawless v. State*, supra. [72 Tenn. 173]."

In *Raine v. State*, 143 Tenn. 168, 226 S.W. 189 (1920), the Supreme Court stated:

"The failure of the trial judge to require the state to elect upon which one of the three counts in the indictment it would go to trial is the subject matter of the sixth assignment of error. As the several counts in this indictment are all based upon the same transaction, the case is not one in which the state was required to make an election, under the rule laid down by this court in *Vinson v. State*, 140 Tenn., 70, 203 S.W., 338, but, on the contrary, in our opinion, falls within the rule laid down in *Cook v. State*, 16 Lea, 461, [84 Tenn. 461] 1 S.W., 254.

The rule announced in *Vinson v. State, supra,* is applicable to an indictment, in support of which evidence is offered of more than one prosecution, each of which requires separate and distinct evidence in defense, evidence of other acts being offered to shed light on whether a particular substantive offense has been committed.

In cases similar to the case at bar, as, for instance, for larceny, or receiving stolen property, or charging kindred offenses, all being based on the same prosecution, the uniform practice has been not to require the State to elect, and we are of the opinion that the case at bar falls within this latter rule. We do not think, therefore, that there is any merit in the sixth assignment of error, and it is overruled."

■ Thus, we see that the State is not required to elect when separate offenses are charged in separate counts of the same indictment and all of the offenses arise from the same conduct or from the same criminal episode. The State must elect when one count of an indictment charges only one offense and multiple and separate offenses charged in the count are shown in evidence. See *State v. Brown,* 762 S.W.2d 135 (Tenn.1988).

■ With exceptions not applicable here, the double jeopardy provisions of the state and federal constitutions protect a defendant from reprosecution for the same offense after acquittal or conviction and from multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *State v. Todd,* 654 S.W.2d 379 (Tenn.1983).

■ In the case at bar, the defendant was not successively prosecuted and he did not receive multiple punishments. He was tried only one time and sentenced on only one conviction. His constitutional rights against double jeopardy were not violated. Issues I and II are overruled.

In Issue 3, the defendant argues that the sale count was the greater offense and that the possession count was the lesser included offense; he states that the Trial Judge should have dismissed the possession count (a Class E felony) and sentenced him on the sale count, a misdemeanor.

■ Upon a finding that two convictions cannot both stand, the conviction for the greater offense must stand and that for the lower offense must be vacated. The grade of the offense is determined by the punishment; the offense with the most severe punishment is the greater offense and is the offense that must stand. *Martin v. State,* 497 S.W.2d 583 (Tenn.Crim. App.1973); *Walton v. State,* 1 Tenn.Cr. App. 668, 448 S.W.2d 690 (1969). In this case, the felony offense of possessing marijuana with intent to sell is the greater offense. The Trial Judge correctly sentenced the defendant for possession and vacated the misdemeanor conviction for sale of marijuana. The third issue is without merit.

■ In the fourth issue, the defendant complains that the sentence imposed was excessive. The defendant was sentenced to a term of 18 months in the County Jail with all but 12 months suspended. He was sentenced as a Range 1, Standard offender.

In his brief, the defendant erroneously states that he must serve 66 per cent of his sentence before being eligible for release. Since he was sentenced as a Range 1, Standard offender, he will be eligible for release after serving 30 per cent of the actual sentence imposed. T.C.A. § 40–35–501(c).

In reviewing this sentence issue *de novo* with a presumption that the determination made by the Trial Court is correct, T.C.A. § 40–35–402(d) we must affirm as to the sentencing issue.

The Trial Judge found one mitigating factor and one enhancement factor. The mitigating factor was that the defendant's conduct did not cause or threaten serious bodily injury. T.C.A. § 40–35–113(1). The enhancement factor found by the Trial Court was that the defendant had a prior history of criminal convictions or criminal behavior. T.C.A. § 40–35–114(1). This enhancement factor was based on the defendant's prior conviction of concealing stolen property in 1983 and his statement in the

presentence report that he has been involved with marijuana for several years. The Trial Judge weighed these factors in compliance with T.C.A. § 40–35–210(e). We do not agree that the sentence imposed was excessive.

Without argument or citation from the record or citation of authority, the defendant asserts that the Trial Judge did not address probation and alternative sentencing. The Trial Judge actually probated or suspended six months of the defendant's sentence. This refutes the defendant's assertion.

Finding no error, we affirm the judgment of the Trial Court.

BYERS, P.J., and DWYER, J., concur.