The Honorable Bud Canada State Senator 106 Meyer Building Hot Springs, Arkansas 71901
Dear Senator Canada:
This is in response to your request for an opinion concerning the legality of a particular "bingo apparatus" known as "pull tabs." Specifically, you have enclosed two types of "pull tabs" for my inspection. You note that an additional type of "pull tab" might be the face of a machine with such displays as cherries, pears, lemons, etc. The consumer pulls off the various tabs to discover if some or all of the underlying pictures or symbols match, and if so the consumer is entitled to a prize.
You make reference to Opinion No. 86-599, issued by the previous administration, and inquire as follows:
 In following the rules set forth by the above mentioned opinion and the current Arkansas law, are the `Pull Tabs' considered part of the Bingo paraphernalia — part of the equipment or are they considered gambling devices?
It is my opinion that the "pull tabs" could be both part of the bingo paraphernalia and gambling devices, depending upon their usage.
You do not state any facts as to how these "pull tabs" are employed by consumers. For instance, you do not state whether individuals pay money for the tabs, or whether they are distributed "free" at bingo events, or whether they are simply used for entertainment purposes with absolutely no payment given in exchange for them. The price appearing on the tabs you have enclosed is fifty cents each. Assuming that consumers pay the fifty cents to have a chance to win a prize, it is my opinion that the "pull tabs" are clearly "gambling devices" as prohibited by A.C.A. § 5-66-104. See generally, Virginia AlcoholBeverage Control Board v. VFW Ocean View Post — 3160,10 Va. App. 165, 390 S.W.2d 202 (1990), and Ohio v. Beane,52 Ohio Misc. 115, 6 O.O. 3d 447, 370 N.E.2d 793 (1977). Additionally, such tabs may be unlawful in light of the Arkansas Constitution's prohibition against lotteries. See Arkansas Constitution, Art.19, § 14.
It is also my opinion that even if the pull tabs are distributed "free" to participants at a bingo event, the fact that some or most of the participants pay a "voluntary donation" to participate in the bingo event and thus receive the "pull tabs," may still render the game a prohibited "gambling device" or lottery. See generally, Opinion No. 91-162, a copy of which is enclosed, in which this question is discussed at length.
In short, the question of the legality of these "pull tabs" will depend to an extent upon the facts surrounding their usage. As noted in Opinion No. 91-162, the local prosecutor is vested with authority to investigate the facts of individual cases, and determine whether prosecution is warranted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb