# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Brief June 20, 2000

## STATE OF TENNESSEE v. CHARLES S. JONES

**Appeal as of Right from the Circuit Court for Montgomery County**
**No. 38178, 38452     John H. Gasaway, III, Judge**

---

### No. M1999-02335-CCA-R3-CD - Filed November 9, 2000

---

On October 30, 1997, the defendant offered guilty pleas to six counts of aggravated burglary, five counts of theft over one thousand dollars, one count of theft under one thousand dollars, and one count of possession of an illegal weapon. After a December sentencing hearing, the trial court ordered the defendant placed on probation and granted him post-trial diversion for a period of six years during which he was to comply with a variety of requirements. Subsequently, separate affidavits were filed in July and September of 1998 alleging that the defendant had violated the terms of his probation. Following a March 1999 hearing concerning these allegations, the trial court entered judgment on the defendant's aforementioned twelve guilty pleas and sentenced him as a Range I Standard Offender to serve an effective sentence of four years for the burglary and theft charges consecutively to eighteen months for the possession of an illegal weapon offense. On appeal, the defendant claims that the trial court erred by (1) failing to consider him for alternative sentencing; (2) improperly enhancing his possession of an illegal weapon sentence and one of his aggravated burglary sentences; and (3) ordering the possession of an illegal weapon charge to run consecutively.[1] After having reviewed the record and applicable authorities, we find these issues to be without merit and, therefore, affirm the trial court's sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court for Montgomery County is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and JOHN EVERETT WILLIAMS, JJ., joined.

Russell A. Church, Clarksville, Tennessee, for the appellant, Charles S. Jones.

---

[1] The issues are listed somewhat differently from the defendant's brief as his "Statement of the Issues" did not mention the alleged error in denying alternative sentencing or enhancing the possession of an illegal weapon charge. However, these arise in his argument and will be considered in this opinion.

Paul G. Summers, Attorney General & Reporter, Clinton J. Morgan,. Assistant Attorney General, Nashville, Tennessee, and John Carney, District Attorney General, Lance Baker, Assistant District Attorney, Clarksville, Tennessee for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In October of 1997, the defendant stood charged with a total of sixteen offenses stemming from three separate indictments. On the thirtieth of that month, he tendered guilty pleas to six counts of aggravated burglary, five counts of theft over one thousand dollars, and one count of possession of an illegal weapon. Following a December 1997 sentencing hearing, he received post-trial diversion and was placed on probation for a period of six years. See Tenn. Code Ann. § 40-35-313.

In July and September of 1998, the defendant's probation supervisor filed two affidavits alleging that the defendant had failed to comply with numerous specific conditions of his probation. These alleged violations involved two subsequent misdemeanor arrests; a positive test for marijuana usage; at least twelve occasions on which the defendant was not present for curfew; unperformed public service hours; and failure to provide proof of obtaining in-patient drug and alcohol treatment, proof of attending Alcoholics Anonymous or Narcotics Anonymous, and proof of paying costs.

After a combined revocation and sentencing hearing, the trial court revoked the defendant's post-trial diversion and accepted his twelve previously offered guilty pleas. The trial court then sentenced the defendant as a Range I Standard Offender to two years for each of the five theft over one thousand dollar convictions, three years for five of the six aggravated burglary convictions, and four years for the sixth aggravated burglary conviction. In addition, the trial court ordered all of these sentences to run concurrently with each other but consecutively to the eighteen months the defendant received for the remaining possession of an illegal weapon conviction. Through this appeal the defendant raises essentially three challenges to this sentence. As aforementioned, he alleges that the trial court erred in (1) failing to consider him as an appropriate candidate for alternative sentencing; (2) improperly enhancing one of his aggravated burglary sentences and his possession of an illegal weapon sentence; and (3) ordering the possession of an illegal weapon sentence to run consecutively to those received for the eleven other convictions.

### Standard of Review

"When reviewing sentencing issues ... including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing

alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. The defendant has "the burden of demonstrating that the sentence is improper." Id.

Furthermore, as the appellant, the defendant bore the duty of providing a sufficiently complete record for appeal. See Tenn. R. App. 24(b). When a guilty plea is involved, this Court has held on more than one occasion that the guilty plea hearing transcript is frequently if not always necessary to properly review the sentence imposed. E.g., State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). Yet, this defendant failed to furnish the Court with the transcript of his guilty plea hearing on the underlying twelve offenses. Because of the paucity of the record with respect to some of the crimes, we find the inclusion of this transcript necessary for a complete picture of the defendant's criminal acts. Without this potential information, the record is incomplete, and we must presume that the trial court's sentence was appropriate. See id; State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Further, based on the meager record before the Court, we find the defendant's allegations to be without merit for the following reasons.

## Alternative Sentencing

Turning first to the defendant's claim that the trial court erred in not considering him for alternative sentencing, we find that he failed to prove himself suitable for this option. While the defendant may believe that he is entitled to a presumption of suitability for such sentencing, see Tenn. Code Ann. § 40-35-102(5), (6), it is doubtful that this presumption would apply to a defendant being sentenced immediately following the revocation of his or her judicial diversion. Furthermore, a trial court may properly consider confining a defendant when such is deemed "necessary to protect society by restraining a defendant who has a long history of criminal conduct" or when "[m]easures less restrictive than confinement have frequently or recently been applied to the defendant." Tenn. Code Ann. § 40-35-103(1)(A), (C). Although the transcript does not record any statement by the trial court explaining its decision to order incarceration, our review reveals that the defendant's behavior falls within the latter guidelines. Thus, even if the presumption applied, it has been rebutted.

To support this conclusion, we note that the defendant has a history of flouting the law and evinces little to no desire to alter such behavior. For example, the pre-sentence report contains his admission that he has experienced problems with alcohol and drug abuse for over a decade yet even when ordered to seek help by the trial court, he failed to offer proof that he did so. Furthermore, while on probation, he failed a drug screen and thereafter admitted to having used marijuana during this time. The defendant also could not manage to abide by a curfew and was cited for over twelve violations thereof. In addition, he was convicted of two more crimes. Although these convictions involved misdemeanor offenses, one was for unlawfully carrying a weapon. Given his conviction for possessing a sawed off shotgun and his having been armed at the time he encountered a mother and her two young children during an aggravated burglary, this conduct seems particularly problematic. Almost incomprehensibly, he chose to act as above outlined when the possible consequences involved the trial court's acceptance of his twelve previously tendered guilty pleas which would result in twelve felony convictions on his record and the very real likelihood of losing his liberty.

Faced with the chance to perform as an appropriate candidate for alternative sentencing, the defendant failed in a host of ways to achieve this end. Therefore, applying the sentencing principles set out above, we find that this defendant was not entitled to alternative sentencing irrespective of whether the presumption in favor of such a sentence is applicable in this case. This issue is without merit.

### Sentence Length

Moving to the trial court's alleged errors in enhancing two of the defendant's sentences, we determine that sufficient support exists to leave both intact. With respect to the sixth aggravated burglary offense, the trial court found that "[t]he crime was committed under circumstances under which the potential for bodily injury was great." See Tenn. Code Ann. §40-35-114(16). The court then utilized this factor to increase the punishment within the range to four years. Such application may well have been erroneous. See State v. Williams, 920 S.W.2d 247, 261 (Tenn. Crim. App. 1995); State v. Smith, 891 S.W.2d 922, 930 (Tenn. Crim. App. 1994). Nevertheless, the defendant's conduct falls under another statutory enhancement factor; thus, any error of this type would be harmless. See Tenn. R. Crim. P. 52(a).

The enhancement factor we find more clearly appropriate involves the defendant's "previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." See Tenn. Code Ann. §40-35-114(1). In support of this factor, we note that the defendant admitted to having abused a variety of narcotics including marijuana, cocaine, and LSD. His drug usage extends over a decade having begun when he was twelve. This type of activity is relevant to the application of Tennessee Code Annotated §40-35-114(1). See, e.g., State v. Moss, 13 S.W.3d 374, 388 (Tenn. Crim. App. 1999); State v. Alexander, 957 S.W.2d 1, 7 (Tenn. Crim. App. 1997); State v. Beard, 818 S.W.2d 376, 379-380 (Tenn. Crim. App. 1991). Additionally, as noted above, the defendant was caught with marijuana in his system during his period of diversion. Furthermore, he had the two aforementioned misdemeanor convictions at the time of sentencing. This enhancement factor could have been applied to all of the defendant's convictions at the March 1999 sentencing hearing and, therefore, may be used to enhance both of the sentences challenged by the defendant.[2]

Our review then leads us to consider mitigating factors. Through his brief, the defendant does not argue that any mitigating factors are present for these two offenses, and we conclude from the record provided that none are applicable. See Tenn. Code Ann. § 40-35-113.

In further examining these sentences, we note that aggravated burglary is a Class C felony and possession of an illegal weapon is a Class E felony. As a Range I offender, the defendant faced between three and six years for the aggravated burglary and between one and two years for the possession of an illegal weapon offense. See Tenn. Code Ann. §§ 39-14-403, 39-17-1302, 40-35-112 (a)(3),(5). Having deemed one enhancement factor and no mitigating factors applicable to these two offenses, we find the challenged sentence lengths appropriate. This issue is meritless.

---

[2] The trial court did not cite any applicable enhancement factor for the possession of an illegal weapon charge.

## Consecutive Sentencing

Finally, the defendant alleges that his effective four year sentence for the aggravated burglaries and thefts over one thousand dollars should not have been set to run consecutively to his possession of an illegal weapon sentence. We disagree.

Consecutive sentencing is governed by Tennessee Code Annotated § 40-35-115. A trial court may order sentences to run consecutively if it finds that one or more of the statutory criteria exists by a preponderance of the evidence. Tenn. Code Ann. § 40-35-115(b); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). At the close of the sentencing hearing, the trial court stated its basis for the imposition of consecutive sentences was the defendant's extensive criminal activity.

In this case we agree that "[t]he defendant is an offender whose record of criminal activity is extensive." See Tenn. Code Ann. § 40-35-115(b)(2). To support this factor, we briefly revisit some of the conduct above-outlined. We may continue to take into consideration not only criminal convictions but also criminal conduct not resulting in a charge or conviction. See, e.g., State v. Cummings, 868 S.W.2d 661, 667 (Tenn. Crim. App. 1992) At the time of sentencing, the defendant had two misdemeanor convictions. Though, standing alone, these convictions do not seem to come close to meeting the requirement for consecutive sentencing, we must remember that the defendant admitted to over a decade of drug abuse involving such substances as marijuana, cocaine, and LSD. Such candor might have worked in his favor had he not also tested positive for the use of marijuana while on diversion and failed to comply with the court's order to provide proof of his attempt to address this problem. The number of potential offenses represented by his conduct is quite extensive. This Court has previously concluded that this factor alone is sufficient to justify consecutive sentencing. See, e.g., State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997); Black, 924 S.W.2d at 917; Cummings, 868 S.W.2d at 667. For the foregoing reasons, we find the defendant's last allegation of error to also be without merit.

In conclusion, our review reveals the defendant is entitled to no relief from the issues raised. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE