# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 16, 2005 Session

## STATE OF TENNESSEE v. HENRY FORD WILLIAMS, JR.

**Appeal from the Circuit Court for Robertson County**
**No. 00-0150    Jane W. Wheatcraft, Judge**

---

**No. M2003-00515-CCA-R3-CD - Filed May 18, 2005**

---

The defendant, Henry Ford Williams, Jr., entered a plea of guilt to the unlawful possession of a firearm. Tried by a jury on a charge of possession of .57 grams of cocaine with intent to sell within one thousand feet of a school and simple possession of cocaine, the defendant was convicted on each count. The trial court merged the two illegal drug convictions. Concurrent sentences of three years for the firearm conviction and thirty-two years, six months, for the cocaine conviction were imposed upon the defendant. The single issue presented for review is whether the evidence was sufficient. The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Edward Dewerf (at trial) and Gregory D. Smith (on appeal), Clarksville, Tennessee, for the appellant, Henry Ford Williams, Jr.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General; and Dent Morriss, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 9, 2000, Officer Kyle Reeves of the Springfield Police Department executed a search warrant at 413 Dorris Avenue in Springfield, a residence located within one thousand feet of Bransford Elementary School. When police arrived, the defendant was sitting at his kitchen table reading the <u>Bible</u>. Officer Reeves found a hand-rolled cigarette which appeared to be marijuana. Crack cocaine was found in the fireplace, on the hearth, and underneath cushions in the sofa. During the search, the officers also found a security wand, a sawed-off shotgun, and $97 in cash. In an unrelated incident which occurred one week after the execution of the search warrant, Officer Reeves met the defendant outside the same residence. According to the officer, the defendant remarked,

"Everybody knows I sell dope, but I don't ever keep any more on me than I can get rid of before y'all come in."

Detective Madison Burnett, who participated in the execution of the search warrant, testified that he heard the defendant say that he enjoyed reading from the Bible while he smoked marijuana. Officers Lonnie Smith and Richard Head also participated in the execution of the search warrant. Each overheard the defendant acknowledge that he sold illegal drugs.

A forensic scientist with the Tennessee Bureau of Investigation crime laboratory confirmed that the substance discovered at the defendant's residence was cocaine. The total weight of the cocaine, which included "crumbs" and possibly cocaine residue, was determined to be .57 grams.

The defendant, who was fifty years old at the time of trial, testified on his own behalf. He acknowledged that he used marijuana and crack cocaine, explaining that he had chosen to do so because of the stress he experienced as the result of the illness of his mother, who had been hospitalized near the time of his arrest. The defendant claimed that the cocaine found at his residence was for personal use, not for resale.

In this appeal, the defendant asserts that the state has failed to establish that the total weight of the cocaine was in excess of .5 grams because the TBI forensic scientist included residue and crumbs when weighing the cocaine. He also contends that the jury verdicts, which included findings of guilt for both simple possession and possession with intent to sell over .5 grams, reflected confusion or inconsistency. The defendant summarizes his argument as follows:

> The point to be made is that some of the cocaine in this case had to be held without the intent to [sell] to [support] the simple possession count [and] some of the cocaine couldn't be used because it was useless crumbs and residue. The amount in question just barely made the 'over .5 grams' amount even before subtracting the simple possession, the residue and the crumbs.

It is the defendant's argument that the conviction should be modified to simple possession of cocaine.

Tennessee Code Annotated section 39-17-417 provides that "[i]t is an offense for a defendant to knowingly . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell such controlled substance." Tenn. Code Ann. § 39-17-417(a)(4). A violation of this section by the possession of cocaine is "a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine." Tenn. Code Ann. § 39-17-417(c)(1). Tennessee Code Annotated section 39-17-432 provides in pertinent part as follows:

> A violation of § 39-17-417, or a conspiracy to violate such section, that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle

school or secondary school shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation.

Tenn. Code Ann. § 39-17-432(b).

The officers who executed the search warrant described the cocaine found at the defendant's residence. The TBI forensic scientist described the substance as "rock-like" in "several pieces," including "crumbs," all of which was weighed together in the total amount of .57 grams. The sealed illegal substance was made an exhibit at trial. The jury also saw the laboratory report, which was made an exhibit. On cross-examination of the state's expert, defense counsel merely pointed out that there was no break-down between the weight of "the bigger chunks" and "the crumbs." Questioning by the defense also established that the "cigarette butt" was not included in the total weight.

Separate counts of the indictment charged the defendant with both possession of cocaine and possession of cocaine with the intent to sell. In our view, verdicts of guilt on each were not inconsistent and, even if they were, consistency would not be required under these circumstances because each count, under the law, is regarded as a separate indictment. Wiggins v. State, 498 S.W.2d 92, 93-94 (Tenn. 1973). In any event, this court has consistently refused to speculate as to a jury's reasoning even in those cases when the verdicts might appear to be in conflict. State v. Bloodsaw, 746 S.W.2d 722, 726 (Tenn. Crim. App. 1987); State v. John Ramsey Duncan, No. M2003-01820-CCA-R3-CD (Tenn. Crim. App., at Nashville, Feb. 1, 2005). Under this rationale, an allocation of the grams to each of the offenses would be unnecessary.

The trial court properly merged the two offenses with the greater offense as the survivor of the two. See State v. Ducker, 27 S.W.3d 889 (Tenn. 2000); see also State v. Beard, 818 S.W.2d 376, 379 (Tenn. Crim. App. 1991). Because there is only one offense under this theory, there is no need to allocate certain grams to the misdemeanor offense and the remainder to the felony.

In summary, expert testimony identified the illegal substance as .57 grams of cocaine. The substance, in several pieces, was weighed apart from its packaging and any other illegal drugs and was properly identified as Schedule II. There was no countervailing evidence. Although some of the pieces were small, none was classified as unusable, as argued by the defendant. This court may not speculate on how the jury apportioned certain of the grams to the felony verdict and other to the misdemeanor. Because of the merger into one offense, the argument has no merit anyway.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE