IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. JENNIE BAIN DUCKER

**Appeal from the Circuit Court for Warren County**
**No. F-6967     Charles Haston, Judge**

### FOR PUBLICATION

**No. M1997-00074-SC-R11-CD - Decided July 14, 2000**

We granted review to determine (1) whether aggravated child abuse is a lesser-included offense of the charged offense of first degree murder for the reckless killing of a child; (2) whether the knowing mens rea of aggravated child abuse refers to the conduct of the defendant or to the result of that conduct; (3) whether the evidence supports the defendant's convictions; and (4) whether the defendant was properly convicted of Class A felonies when the trial court failed to charge the jury on the age element contained in the aggravated child abuse statute. We conclude that aggravated child abuse is a lesser-included offense of the charged offense of first degree murder for the reckless killing of a child; that the knowing mens rea required for a conviction of aggravated child abuse refers to the conduct and not to the result of the conduct; that the evidence was sufficient to support the defendant's convictions in this case; and that the defendant was properly convicted of Class A felonies for injuries to children six years of age or less.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed.**

HOLDER, J., delivered the opinion of the court, in which ANDERSON, C.J., and DROWOTA, BIRCH, and BARKER, JJ., joined.

David L. Raybin, Nashville, Tennessee, and Michael D. Galligan, McMinnville, Tennessee, for the appellant, Jennie Bain Ducker.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Jennie Bain Ducker, drove with her two children, ages twenty-three months and twelve months, to the McMinnville Holiday Inn on June 6, 1995. The defendant's boyfriend had been temporarily residing at the hotel. The defendant and her two small children arrived at the hotel at approximately 3:45 a.m. She securely fastened her children into their car seats, closed the windows, and locked the doors. She then left the children alone in the car and went to her boyfriend's hotel room.

The defendant entered the hotel room where her boyfriend and three other individuals were playing video games. The record indicates that she drank some wine. Expert testimony at trial indicated that her blood alcohol level could have been as high as .1925 that morning.

The testimony of individuals present in the hotel room that night indicated that the defendant left the room on two occasions, once to get ice and once to get analgesics. The defendant, however, testified that she left the room on five occasions to check on her children. The defendant apparently never mentioned to anyone that she had left her children locked in her car.

The gathering broke up at approximately 5:00 a.m. The defendant and her boyfriend remained at the hotel room. They fell asleep shortly thereafter while the defendant's two children were still locked inside her automobile. The defendant awoke between 12:00 and 1:00 p.m. She returned to her car and discovered her lifeless children. She drove them to the hospital where they were pronounced dead at approximately 1:20 p.m. Both children died of systemic hyperthermia, a condition that results when a human body severely overheats and is unable to cool itself.

The defendant was indicted on two counts of first degree murder for the reckless killing of a child. At trial, the defendant introduced proof to establish that she suffered from bipolar disorder with periods of depression and mania. The defendant also offered evidence that she had a sleep disorder. The defendant's mother testified that the defendant would remain awake for two or three days at a time and then go into such a deep sleep that she could not be awakened. The defendant testified that she did not see any danger in leaving her sons in the car for more than nine hours. She also testified that she made no excuses for what happened and that she accepted responsibility for her actions.

A jury acquitted the defendant of murder charges but convicted her on two counts of aggravated child abuse. She was sentenced to eighteen years on each count to run concurrently for an effective sentence of eighteen years. The defendant raised numerous issues in the Court of Criminal Appeals. The Court of Criminal Appeals, however, affirmed both her convictions and her sentences. We granted review.

## ANALYSIS

The defendant has raised four issues on appeal. These issues may be paraphrased as follows: (1) whether aggravated child abuse is a lesser-included offense of the charged offense of murder for the reckless killing of a child; (2) whether the knowing mens rea of aggravated child abuse refers to the conduct of the defendant or to the result of that conduct; (3) whether the evidence supports the defendant's convictions under that charge; and (4) whether the defendant was properly convicted of Class A felonies when the trial court failed to charge the jury on the age element contained in the aggravated child abuse statute.

## Lesser-Included Offense

The defendant was charged in a two-count indictment for first degree murder for the death of her children. She was not indicted for aggravated child abuse. Count one of the indictment read, in pertinent part, that the defendant:

> unlawfully and recklessly did kill Devin Lee Ducker, D.O.B. 7-2-93 a child less than sixteen (16) years of age as a result of aggravated child abuse, as defined by T.C.A. 39-15-402, . . . in violation of T.C.A. 39-13-202.

Count two of the indictment was identical to count one except that count two was for the murder of "Dustin Jay Ducker, D.O.B. 5-10-94."

The first degree murder statute in effect at the time of the children's deaths recognized four separate means of committing the crime of first degree murder. The four means provided in Tenn. Code Ann. § 39-13-202 (1994) are premeditated murder, felony murder, reckless killing by bombing, and reckless killing of a child. At the time of the offenses, subsection (a)(4) read:

> (a) First Degree murder is:
>
>                         * * *
>
> (4) A reckless killing of a child less than sixteen (16) years of age, if the child's death results from aggravated child abuse, as defined by § 39-15-402, committed by the defendant against the child.

Tenn. Code Ann. § 39-13-202(a)(4) (1994). The 1994 amendment was effective until July 1, 1995. The children were pronounced dead on June 6, 1995.

During oral argument, the defendant conceded that the crime of which she was convicted, aggravated child abuse, was a lesser-included offense of the reckless killing of a child. Both the legal basis for this concession and a portion of the analysis employed by the Court of Criminal Appeals on this issue were erroneous.[1] Accordingly, we will address the defendant's arguments

---

[1] During oral argument before this Court, the defendant conceded that aggravated child abuse was a lesser-included offense of murder for the reckless killing of a child. The defendant based this concession on a footnote from this Court's recent decision in State v. Burns, 6 S.W.3d 453, 467 (Tenn. 1999). Footnote 12 in Burns essentially recognized that the legislature had the ability to explicitly designate a crime as a lesser-included offense of a greater crime. While child abuse has been explicitly designated as a lesser-included offense "of any kind of homicide" in Tenn. Code Ann. § 39-15-401(d), the legislature has not designated aggravated child abuse as a lesser-included offense of "any kind of homicide."

made in her briefs that aggravated child abuse is not a lesser-included offense of murder for the reckless killing of a child.

Aggravated Child Abuse and Murder for the Reckless Killing of a Child
As Separate Offenses

The defendant argues that aggravated child abuse is not a lesser-included offense of murder for the reckless killing of a child because aggravated child abuse is a predicate offense that the legislature has designated as a separate offense subject to separate punishments. She maintains that "if aggravated child abuse were a lesser included offense of homicide then a conviction for both murder and aggravated child abuse could not stand because one cannot be convicted of both the greater and lesser crimes." The crux of her argument is that Tennessee permits dual convictions for both the reckless killing of a child and its predicate felony, aggravated child abuse. Tennessee merger law, however, mandates that dual convictions of both a greater offense and its lesser-included offense merge, thereby vacating the conviction for the lesser-included offense. See State v. Beard, 818 S.W.2d 376, 379 (Tenn. Crim. App. 1991). Accordingly, she contends that the legislature has designated predicate felonies under the first degree murder statute as separate crimes subject to separate punishments and that these crimes are not lesser-included offenses.

In the case now before us, the defendant was not indicted on separate counts for both the reckless killing of a child and aggravated child abuse. Accordingly, we need not determine whether the doctrine of merger would preclude dual convictions for both the reckless killing of a child and aggravated child abuse. We note, however, that a legislative intent to permit dual convictions and sentences for both felony murder and the predicate felony does not appear to be present under the reckless killing of a child provision in Tenn. Code Ann. § 39-13-202(a)(4) (1994). The legislature originally codified the reckless killing of a child by aggravated child abuse in response to State v. Kerry Phillip Bowers, No. 115 (Tenn. Crim. App., filed Aug. 2, 1989). This codification was known as the "Scotty Trexler Law." The intent of the Scotty Trexler Law was not to permit dual convictions but to punish the reckless killing of a child as first degree murder. See State v. Hale, 840 S.W.2d 307, 310 n.3 (Tenn. 1992) ("The amendment was passed by the General Assembly late in the session in response to the public outcry after the conviction of Kerry Phillip Bowers for the lesser offense of the second-degree murder of Scotty Trexler . . . ."). Whether to permit dual convictions is not, however, an issue in this case.[2]

---

[2]The legislature has since opted to treat the crime as felony murder, and the dual conviction analysis employed by this case is limited strictly to Tenn. Code Ann. § 39-13-202(a)(4). We recognize that the Court of Criminal Appeals in State v. Hodges, 7 S.W.3d 609 (Tenn. Crim. App. 1998), affirmed the dual convictions of first degree felony murder and aggravated child abuse. The murder statute under which Hodges was convicted, however, is different from the murder statute at issue in this case. Hodges was convicted under Tenn. Code Ann. § 39-13-202(a)(2)(1995), which prohibits the killing of another during the perpetration of a felony, aggravated child abuse.

(a) First degree murder is:

<u>Differing Mens Rea and Age Requirements</u>

The defendant argues that the offense of aggravated child abuse is not a lesser-included offense of murder for the reckless killing of a child because of the different requirements for both the mens rea and the age of victims. The defendant contends "the more serious homicide offense . . . had a lesser mental state of 'reckless' as compared to the higher mental state of 'knowing' in the less serious aggravated child abuse statute." The defendant also points out that the more serious offense of murder for the reckless killing of a child requires the victim to be under the age of sixteen while the offense of aggravated child abuse requires the victim to be under the age of eighteen. For the reasons below, we conclude that the offense of aggravated child abuse is a lesser-included offense of the offense of murder for the reckless killing of a child committed during aggravated child abuse.

Aggravated child abuse at the time of the children's deaths was defined as follows:

> (a) A person is guilty of the offense of aggravated child abuse who commits the offense of child abuse as defined in § 39-15-401 and:
>
> (1) The act of abuse results in serious bodily injury to the child; or
>
> (2) A deadly weapon is used to accomplish the act of abuse.
>
> (b) A violation of this section is a Class B felony; provided, that, if the abused child is six (6) years of age or less, the penalty is a Class A felony.

* * *

> (2) A killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse or aircraft piracy; or
>
> * * *
>
> (b) No culpable mental state is required for conviction under subdivision (a)(2) or (a)(3) except the intent to commit the enumerated offenses or acts in such subdivisions.

Tenn. Code Ann. § 39-13-202(a)(2), (b) (1995).

Ducker was indicted for the reckless killing of a child by aggravated child abuse, which was contained in a separate subsection of the first degree murder statute at Tenn. Code Ann. § 39-13-202(a)(4)(1994) (repealed in 1995).

-5-

Tenn. Code Ann. § 39-15-402(a), (b) (1994).  The offense of child abuse was defined as follows:

> Any person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury or neglects such a child so as to adversely affect the child's health and welfare is guilty of a Class A misdemeanor; provided, that if the abused child is six (6) years of age or less, the penalty is a Class D felony.

Tenn. Code Ann. § 39-15-401 (1994).

In State v. Burns, 6 S.W.3d 453, 466 (Tenn. 1999), we adopted a test to determine whether crimes are lesser-included offenses of other crimes.[3]  We held in part that an offense is a lesser-included offense if all of its statutory elements are included within the statutory elements of the offense charged.  Burns further states that an offense is a lesser-included offense of the crime

---

[3]Under Burns an offense is a lesser-included offense if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
>
>> (1) a different mental state indicating a lesser kind of culpability; and/or
>>
>> (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of
>
>> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>>
>> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>>
>> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Burns, 6 S.W.3d at 466-67.

charged when "the elements of the lesser offense are a subset of the elements of the charged offense." Id. at 464 (citing Schmuck v. United States, 489 U.S. 705, 716 (1989)).

The offense of murder for the reckless killing of a child is comprised of the following elements: (1) a reckless killing, (2) of a child victim less than sixteen years of age, (3) by aggravated child abuse. Thus, the offense of murder for the reckless killing of a child incorporates the offense of aggravated child abuse into the murder offense. The provisions regarding the reckless mens rea and the victim's age are elements required in addition to the requirement that the killing be committed by aggravated child abuse.

The defendant contends that the more serious homicide charge has a lesser mental state requirement than the offense of aggravated child abuse. The more serious homicide offense does include a mental state of recklessness as to the killing. The term "reckless"

> refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

Tenn. Code Ann. § 39-11-302(c)(1994). The child murder statute criminalizes the reckless killing of a child less than sixteen if the child's death results from aggravated child abuse, which is the knowing treatment or neglect of a child so as to cause injury or adversely affect the child's health. In other words, the more serious charge simply requires *an additional element* that, along with the knowing act of child abuse or neglect, the person consciously disregards a substantial and unjustifiable risk that death could occur.

Similarly, the requirement that the victim be less than sixteen years of age is an additional element and is not inconsistent with the age requirement for aggravated child abuse as the defendant alleges. Murder for the reckless killing of a child incorporates the aggravated child abuse offense, which applies to victims under the age of eighteen. The murder statute then sets forth an additional element that the victim be less than sixteen years of age. This additional element works to narrow the universe of potential victims and requires the State to produce proof that the victim is not only under the age of eighteen but under the age of sixteen as well. In this case, under either Burns or the pre-Burns Howard test, the offense of aggravated child abuse is a lesser-included offense of murder for the reckless killing of a child by aggravated child abuse because all of the statutory elements of the lesser offense are included within the statutory elements of the offense charged. See Howard v. State, 578 S.W.2d 83, 85 (Tenn. 1979).

**Mens Rea Required for the Offense of Child Abuse:**
**Nature of Conduct or Result of Conduct**

The defendant was found guilty of aggravated child abuse, which requires either child abuse or neglect under Tenn. Code Ann. § 39-15-401 and the additional element that the abuse or neglect resulted in *serious* bodily injury. We will next address whether the knowing mens rea required in the child abuse statute applies to the conduct of the defendant or to the result of that conduct. The defendant argues that the child abuse statute defines a result-of-conduct offense and, therefore, the statute requires that one must actually be aware that her conduct would result in serious bodily injury to the child victim. We disagree.

A result-of-conduct offense requires that the culpable mental state accompany the result as opposed to the nature of the conduct. See generally Wallace v. State, 763 S.W.2d 628 (Tex. Ct. App. 1989). The focus is on whether the actor possessed the required culpability to effectuate the result that the legislature has specified. Generally, an offense may be classified as a result-of-conduct offense when the result of the conduct is the only element contained in the offense.

An example of a result-of-conduct offense is second degree murder, which is defined as a "knowing killing of another." Tenn. Code Ann. § 39-13-210(a)(1). In second degree murder, the result of the conduct is the sole element of the offense. The "nature of the conduct" that causes death or the manner in which one is killed is inconsequential under the second degree murder statute. The statute focuses purely on the result and punishes an actor who knowingly causes another's death. The intent to engage in conduct is not an explicit element of the state's case in second degree murder. Accordingly, a result-of-conduct crime does not require as an element that an actor engage in a specified course of conduct to accomplish the specified result.

In contrast, the child abuse statute sets forth both a conduct element and a result element. The child abuse statute provides, in pertinent part:

> Any person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury or neglects such a child so as to adversely affect the child's health and welfare . . .

Tenn. Code Ann. § 39-15-401 (1994) (emphasis added). Thus, Tennessee's child abuse and neglect statute may be broken down into two classifications, abuse and neglect, each of which have both a conduct and a result element. Child abuse requires that: (1) a person knowingly "treat in such a manner" a child under eighteen years of age; and (2) the child sustains an injury. Child neglect requires that: (1) a person knowingly neglect a child under eighteen years of age; and (2) the child's health and welfare are adversely affected. The defendant argues that the mens rea of "knowing" applies to the injury prong as well as to the treatment and neglect prong.

The defendant cites Alvarado v. State, 704 S.W.2d 36 (Tex. Crim. App. 1985), in support of her argument that our child abuse and neglect statute is a result-of-conduct offense. In Alvarado,

the defendant was convicted of abuse or injury to a child after placing the child in scalding bath water. The defendant alleged that she did not know the bath water was hot enough to cause injury. The statute under which she was convicted defined the crime as: "intentionally, knowingly, recklessly or with criminal negligence engages in conduct that causes serious bodily injury . . . ." Id. at 37, n.1 (citing Tex. Penal Code Ann. § 22.04, since amended). The court held that the statute under which Alvarado was convicted was a result-of-conduct offense and that the state had failed to show that she intended the scalding bath water to burn her baby. Id.

The holding in Alvarado has been described as merely "an effort to lessen the confusion arising from the legislature's unfortunate choice of words in the statute defining the offense of injury to a child, as it read at the time of that opinion." Navarro v. State, 863 S.W.2d 191, 196 (Tex. Crim. App. 1993). Moreover, Alvarado was subsequently interpreted as having "little or no application in a prosecution under . . . any other 'result of conduct' statute that does not employ the confusing 'engage in conduct' language formerly found in section 22.04." Id. at 196. The State of Texas has since amended the statute.

Unlike Alvarado, the Tennessee child abuse and neglect statute is clear that "knowingly" modifies "treats" or "neglects." The actus reus is modified by the clause "other than by accidental means." Accordingly, the statute requires that the act of treating a child in an abusive manner or neglecting the child must be knowing conduct. For instance, the defendant must have knowingly left or abandoned her children in the car for more than eight hours. If the defendant had been unaware that her children were present in the car when she left her car parked in front of the hotel, the neglect of her children would have been accidental or unknowing. Contrary to the defendant's assertions, application of the mens rea to the actus reus of this statute precludes this statute from being a strict liability statute.

Once the knowing mens rea is established, the next inquiry under the plain language of the statute is simply whether the child sustained an injury or, in the case of child neglect, whether the child suffered an adverse effect to the child's health or welfare. The legislature has employed the phrases "so as to injure" and "so as to adversely affect" when defining the injury aspect of the child abuse statute. These phrases clearly indicate that if an injury results from knowing abuse or neglect, the actor has committed child abuse.

As a practical matter, the defendant's argument could render the child abuse statute ineffectual. Defendants in child abuse cases could argue that, while they in fact knowingly punished or spanked the child, they did not know harm would occur. See Alvarado, 704 S.W.2d at 37, n.4. We, therefore, reject the defendant's argument and hold that the mens rea of "knowing" refers only to the conduct elements of treatment or neglect of a child under the child abuse statute and conclude that the child abuse offenses are not result-of-conduct offenses.

## Sufficiency of the Evidence

In the case now before us, the defendant was convicted of aggravated child abuse. The record establishes that the defendant knowingly parked her car, rolled up the windows, securely

fastened the children in the car, locked the car and left them inside the parked car from approximately 3:45 a.m. to between 12 and 1 p.m. on June 6. The children died of hyperthermia. The evidence supports a finding that the defendant knowingly and other than by accidental means neglected the children. The evidence also supports a finding that the neglect adversely affected the children's health and welfare. Accordingly, the evidence of the children's deaths overwhelmingly supports a finding of aggravated child abuse. We conclude a rational trier of fact could have found the defendant guilty of aggravated child abuse beyond a reasonable doubt based upon the evidence presented. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253 (Tenn. 1994).

## Failure to Instruct on Age

The defendant argues that her sentences for Class A aggravated child abuse are unlawful because the trial court failed to instruct the jury as to a material element of the offense, that the victims were six years of age or less. She contends that she could be found guilty only of the Class B version of the offense because the trial court instructed the jury that a "child" is a person under the age of eighteen. The State, on the other hand, argues that the victim's age is used merely as a sentencing enhancement factor and is not a material element.

### Age as a material element

We first consider whether the statutory provision regarding a victim six years of age or less is a material element of the offense of aggravated child abuse. Both the offense of child abuse and of aggravated child abuse address injuries to and neglect of victims under the age of eighteen. Additionally, both offenses increase the culpability and punishment if the child victim six years of age or less.

The conduct prohibited by the child abuse and aggravated child abuse statutes is similar to the conduct prohibited by the assault and aggravated assault statutes. The child abuse statutes differ from the assault statutes in that in most scenarios the penalty for an offense under the child abuse statutes will be greater than if that same conduct were punished under the assault statutes.[4]

---

[4]Tenn. Code Ann. § 39-15-401, child abuse and neglect, states:

> (a) Any person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury or neglects such a child so as to adversely affect the child's health and welfare commits a Class A misdemeanor; provided, that if the abused or neglected child is six (6) years of age or less, the penalty is a Class D felony.

Tenn. Code Ann. § 39-13-101 defines assault:

> (a) A person commits assault who:

-10-

The offenses of child abuse of a child under eighteen and assault are both Class A misdemeanors. If, however, the victim of child abuse is six years of age or less, the offense becomes a Class D felony. Aggravated child abuse of a child under eighteen is punished as a Class B felony, and aggravated child abuse of a child six years of age or less is punished as a Class A felony. The

---

(1) Intentionally, knowingly or recklessly causes bodily injury to another;

* * *

(b) Assault is a Class A misdemeanor unless the offense is committed under subdivision (a)(3), in which event assault is a Class B misdemeanor.

The offenses of aggravated child abuse and aggravated assault are similar offenses in that they are committed when there is resulting serious bodily injury or a weapon is employed. Aggravated child abuse is defined:

(a) A person is guilty of the offense of aggravated child abuse who commits the offense of child abuse as defined in 39-15-401 and

(1) The act of abuse results in serious bodily injury to the child; or

(2) A deadly weapon is used to accomplish the act of abuse.

(b) A violation of this section is a Class B felony; provided, that, if the abused child is six (6) years of age or less, the penalty is a Class A felony.

Tenn. Code Ann. § 39-15-402(a) (1994).

Tenn. Code Ann. § 39-13-102 defines aggravated assault:

(a) A person commits aggravated assault who:

(1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon; or

* * *

(d) Aggravated assault under subdivision (a)(1) or subsection (b) or (c) is a Class C felony. . . .

-11-

similar conduct under aggravated assault constitutes a Class C felony. Thus, the legislature has determined that one who commits child abuse and aggravated child abuse is more culpable than an offender who commits the same type of crime against an adult.

In State v. Walton, 958 S.W.2d 724, 729 (Tenn. 1997), this Court observed that the legislature chose to classify sexual offenses perpetrated against children under thirteen years of age as "aggravated" crimes. We explained that the legislature determined that an offender who sexually abuses a child is more culpable than an offender who commits the same act against an adult. We held that age is an essential element of the offenses. Id. Like the sexual offenses involving children, the legislature has chosen to classify child abuse offenses as "aggravated" crimes because they are crimes against children. Thus, we hold that the age provisions of the statute are essential elements of the child abuse offenses.

## Failure to instruct on material element

It is the trial court's duty to give a complete charge of the law applicable to the facts of the case. See State v. Harris, 839 S.W.2d 54, 73 (Tenn. 1992); State v. Thompson, 519 S.W.2d 789, 792 (Tenn. 1975). The Fifth and Sixth Amendments to the United States Constitution "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 509, 115 S. Ct. 2310, 2313, 132 L. Ed. 2d 444 (1995).

We conclude that the statutory provision regarding the age of the victim is an essential element of the Class A felony of aggravated child abuse. We also hold that the trial court erred by failing to instruct the jury that it must find beyond a reasonable doubt that the victims were six years of age or less. We shall next consider whether this error is subject to harmless error analysis.

## Harmless Error Analysis

In Neder v. United States, 527 U.S. 1, 18, 119 S. Ct. 1827, 1838, 144 L. Ed. 2d 35 (1999), the United States Supreme Court held that the harmless error inquiry in a failure-to-instruct case should be whether it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." The Court said:

> We believe that where an omitted element is supported by uncontroverted evidence, this approach reaches an appropriate balance between "society's interest in punishing the guilty [and] the method by which decisions of guilt are made." . . . In a case such as this one, where a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee.

Of course, safeguarding the jury guarantee will often require that a reviewing court conduct a thorough examination of the record. If, at the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error–for example, where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding–it should not find the error harmless.

A reviewing court making this harmless error inquiry does not, as Justice Traynor put it, "become in effect a second jury to determine whether the defendant is guilty." Rather a court in typical appellate-court fashion asks whether record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. If the answer to that question is "no," holding the error harmless does not reflect a denigration of the constitutional rights involved." On the contrary, it "serve[s] a very useful purpose insofar as [it] block[s] setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial."

Id. at 527 U.S. at 18-19, 119 S. Ct. at 1838-39 (citations omitted).

The indictments in this case charging the defendant with the reckless killing of her children included the victims' dates of birth. During the proof in the case, one of the defendant's boyfriends testified that her children were younger than age four, the age of his child. Other witnesses described the children as "babies." The medical examiner's autopsy reports introduced as evidence listed the age of Dustin J. Ducker as twelve months old and the age of Devin L. Ducker as twenty-three months old. The trial court did not instruct the jury as to the victims' ages other than the instruction that a "child" is defined as being less than eighteen years old. The trial court did instruct the jury as to the possible sentence for the crime of Class A aggravated child abuse. Ms. Ducker's defense was that she did not knowingly cause the injuries or harm to her children; her defense had nothing to do with the ages of her children.

We conclude that beyond a reasonable doubt the jury verdict would have been the same absent the error. Thus, the error was harmless.

**CONCLUSION**

We hold that aggravated child abuse is a lesser-included offense of murder for the reckless killing of a child. Additionally, we hold that the knowing mens rea of aggravated child abuse refers to the conduct and not to the result of the conduct and that the evidence was sufficient in this case. We also hold that the defendant was properly convicted of Class A felonies for injury to children six years of age or less. Costs of this appeal are taxed against the defendant Jennie Bain Ducker, for which execution may issue if necessary.