IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2001

## STATE OF TENNESSEE v. DARROW LYNN WILLIAMS

**Direct Appeal from the Circuit Court for Tipton County**
**No. 3739     Joseph H. Walker, Judge**

———————————

**No. W2001-01825-CCA-R3-CD  - Filed November 29, 2001**

———————————

Defendant appeals his conviction of second degree murder following a jury trial.  He presents three issues for our review:  (1) whether the evidence was sufficient to support the conviction; (2) whether the trial court erred in failing to instruct the jury to disregard certain hearsay testimony; and (3) whether the trial court erred in failing to rule on defendant's objection to a question asked by the prosecuting attorney.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

C. Michael Robbins, Memphis, Tennessee (on appeal); Gary F. Antrican, District Public Defender; and David S. Stockton, Assistant District Public Defender (at trial), for the appellant, Darrow Lynn Williams.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and James W. Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant shot and killed Larry Fayne, his brother-in-law, on February 6, 1999.  The defendant was indicted by the Tipton County Grand Jury for second degree murder, convicted as charged at a jury trial, and sentenced to 15 years.  This appeal followed.

**FACTS**

On February 6, 1999, the defendant and several other guests attended a party at the residence of the defendant's sister and her husband, Larry Fayne. Most guests were drinking alcoholic beverages. One guest, Dale Mason, joked with the defendant, and the defendant became angry. Mason explained he was only joking, and he and the defendant shook hands. Shortly thereafter, the defendant left the residence.

The defendant returned to the residence in approximately 15 minutes. He entered the kitchen where Larry Fayne and others were talking. The defendant was angry and accused Fayne of having him "set up." The defendant then knocked a drink out of Fayne's hand. Fayne's wife, Lisa, who was the defendant's sister, immediately pushed the defendant out the door telling him to calm down and leave the house. Larry Fayne, who was standing immediately behind his wife, told the defendant, "[t]his is my house too, you know." The defendant, with a pistol to his side, then fired a shot which struck Larry Fayne in the face. Fayne was still standing and backed up into the kitchen. Shortly thereafter, defendant raised his hand and fired another shot which struck Fayne in the chest. Fayne died as a result of these gunshot wounds.

The defendant was then seen in the backyard of the residence walking in circles. However, when the police arrived, the defendant fled. He was later captured and arrested.

**SUFFICIENCY OF THE EVIDENCE**

Defendant contends the evidence is insufficient to establish a "knowing" killing. We respectfully disagree.

**A. Standard of Review**

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

**B. Analysis**

Second degree murder is the "knowing killing of another." Tenn. Code Ann. § 39-13-210(a)(1). As to the "knowing" mental state, the state must prove beyond a reasonable doubt that the defendant was aware that his conduct was reasonably certain to cause the result. State v. Ducker, 27 S.W.3d 889, 896 (Tenn. 2000); Tenn. Code Ann. § 39-11-106(a)(20).

The defendant contends he was emotionally upset and angry about offensive conduct directed toward him, which he believed was caused in part by the victim, Larry Fayne. He argues the first shot was fired while his hand was down by his side, although he acknowledges the second shot was fired when his hand was raised. He contends he acted in a "state of passion produced by adequate provocation sufficient to lead [him] to act in an irrational manner;" therefore, he argues he could only be guilty of voluntary manslaughter. *See* Tenn. Code Ann. § 39-13-211(a).

Whether acts constitute a knowing killing, so as to support second degree murder, or a killing due to adequate provocation, so as to support a conviction for voluntary manslaughter, is a question for the jury. State v. Johnson, 909 S.W.2d 461, 464 (Tenn. Crim. App. 1995). Here, the defendant left the residence but came back shortly thereafter armed with a pistol. After the defendant physically confronted the victim, defendant's sister pushed the defendant out the door. The defendant then fired one shot striking the victim in the face and, while the victim was still standing, fired another shot striking the victim in the chest. It was the jury's prerogative to find that the killing was knowing and convict the defendant of second degree murder as opposed to voluntary manslaughter. The evidence was sufficient to support the verdict.

### HEARSAY EVIDENCE

One of the guests in the kitchen testified that, just prior to the first shot being fired, the victim stated, "[o]h, you're going to shoot me now?" Defendant contends this was inadmissible hearsay and, although no objection was made, this testimony constituted plain error.

By failing to make a contemporaneous objection to the testimony, defendant has waived this issue. State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000). Furthermore, we reject defendant's claim that the admission of this testimony was plain error. If the remark was hearsay, it clearly qualified under the excited utterance exception to the hearsay rule.[1] *See* Tenn. R. Evid. 803(2); State v. Gordon, 952 S.W.2d 817, 820 (Tenn. 1997). This issue is without merit.

---

[1] A question is usually not hearsay except on "rare occasions" where it is used to prove an implicit assertion. N. Cohen *et al.*, **Tennessee Law of Evidence** § 8.01[10] n.34 (4th ed. 2000). This may well be one of those "rare occasions" since the remark impliedly asserted that defendant had a gun intending to shoot the victim.

## FAILURE TO RULE UPON OBJECTION

Stephanie Richardson, another sister of the defendant, was present in the kitchen when the defendant returned to the residence. She testified she immediately went down the hall to call 911 when she saw the defendant. The prosecutor then asked, "Did you call because you know about your brother and what he's capable of?" The witness responded, "No, I . . . ." Defense counsel objected, cutting the witness off in the middle of her sentence. She then testified she called 911 because "he came back mad." Defendant contends the trial court's failure to rule upon the objection prejudiced him by impermissibly introducing character evidence.

The witness testified she called 911 because the defendant was angry. This was not an impermissible character reference, and the defendant was not prejudiced in any way by the failure of the trial court to rule upon the objection. This issue is without merit.

## CONCLUSION

We find no error in the record; therefore, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE