# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 11, 2004 Session

## STATE OF TENNESSEE v. ANDREW NEAL DAVIS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-A-391        Cheryl Blackburn, Judge**

_____

**No. M2002-02375-CCA-R3-CD - Filed July 9, 2004**

_____

DAVID G. HAYES, Judge, concurring in part; dissenting in part.

I join with the majority in affirming the Defendant's convictions for first degree felony murder and aggravated child abuse. I dissent, however, from that portion of the opinion which concludes that no error occurred in amending the indictment for aggravated child abuse. The result changed the crime from a Class B felony to a Class A felony on the morning of trial.

The language of the indictment clearly tracked the statutory language of Class B aggravated child abuse. Thus, the Defendant was on notice that he would be required to answer to the Class B felony offense. Indeed, at the Appellant's first trial, which resulted in a mistrial, he was prosecuted for Class B aggravated child abuse. Mid-morning of the first day of the second trial, the Defendant learned for the first time that he was being tried for Class A felony aggravated child abuse. Our supreme court in *State v. Ducker*, 27 S.W.3d 889, 899 (Tenn. 2000), held that the statutory provision regarding the age of the victim is an essential element of Class A felony aggravated child abuse, thus requiring a jury determination. Moreover, culpability and punishment increases if the child victim is six years of age or less. *Id.* at 898.

Rule 7(b), Tennessee Rules of Criminal Procedure, provides that no amendment may be made to an indictment, without the defendant's consent, if an additional offense is charged and if any substantial right of the defendant is prejudiced. The non-consensual amendment in the instant case was not merely one of form, *e.g.*, it was not made to correct a typographical error, to correct an erroneous statutory citation, to correct a misspelling, or to strike surplus language from the indictment. Rather, the amendment was one of substance in that it impermissibly broadened the charged offense to a Class A felony, as prohibited by Rule 7. Thus, the Defendant was subjected to additional punishment impacting a substantial right.

For these reasons, I find the amendment to the indictment was error.

_____
David G. Hayes, Judge