IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 25, 2005 Session

## STATE OF TENNESSEE v. TROY ROBERT WHIPPLE

**Direct Appeal from the Circuit Court for Franklin County**
**No. 14776    J. Curtis Smith, Judge**

---

**No. M2004-03047-CCA-R3-CD - Filed March 3, 2006**

---

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur with that portion of the majority opinion which affirms the judgments of conviction for the offenses of evading arrest while operating a motor vehicle, reckless driving, and driving on a revoked license. I disagree with the conclusion that the two convictions of vandalism must be reversed and dismissed. Accordingly, I dissent from that portion of the majority opinion.

As outlined in the majority opinion, Defendant evaded a police officer by driving in a residential area at speeds of eighty to one-hundred miles per hour for thirty to sixty seconds. Defendant not only drove at excessive speeds, he drove in a reckless manner on both sides of the road, swerving toward another police patrol car, then swerving away from the patrol car. While swerving, Defendant drove his vehicle off of the road, striking a fence, then came back across the road and hit several mail boxes. Farther down the road, Defendant almost hit a black car which had to swerve to miss Defendant's truck.

As to one of the vandalism convictions, it was shown that a chain-link fence in one yard was torn down and pieces of the chain-link fence were scattered over the victim's yard and flowers were "plowed up." The damage to the property exceeded six-hundred ($600.00) dollars. As to the other count, the proof showed mailboxes were damaged in an amount less than five-hundred ($500.00) dollars. Tennessee Code Annotated section 39-14-408(a) provides in part that "[a]ny person who knowingly causes damage to or the destruction of any real or personal property of another . . . knowing that the person does not have the owner's effective consent is guilty of [vandalism] . . . ." The majority opinion concludes that there is no evidence of Defendant's mental state when he caused the property damage. The applicable *mens rea* to vandalism is "knowingly." Tennessee Code Annotated section 39-11-302(b) defines "knowingly" as:

> "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

The knowing *mens rea* in the statute is a result-of-conduct element regarding causing damages to the property. An element is a result-of-conduct element when the element focuses on the result of the defendant's actions. *See State v. Ducker*, 27 S.W.3d 889, 896 (Tenn. 2000) (Second degree murder, the "knowing killing of a another" as per T.C.A. § 39-13-210(a)(1) is a result-of-conduct offense). In the case *sub judice*, whether Defendant possessed the requisite *mens rea* depends on whether there was proof that Defendant was aware that his conduct of driving the truck in a reckless manner at excessive speeds, swerving back and forth, off, and across the road, was "reasonably certain to cause the result" of damage to a chain-link fence and flowers in the yards on which he drove, as well as to the mailboxes.

In *State v. Ely*, 48 S.W.3d 710 (Tenn. 2001), our supreme court reviewed a case where intruders entered the victim's home and killed the victim by repeatedly striking the victim in the head with a brick. Several pieces of electronic equipment were stolen from the victim's home. The defendant was charged and convicted of felony murder. On appeal, one of the issues the court addressed was whether there was sufficient evidence from which a reasonable jury could convict the defendant of second degree murder, thereby requiring the court to charge that lesser included offense. Second degree murder is defined as "[a] knowing killing of another." T.C.A. § 39-13-210(a)(1) (2003). In concluding that a reasonable jury could convict the defendant of second degree murder, the court held that "participation in beating a victim over the head with a brick is conduct 'reasonably certain to cause [death].'" *Id.* at 725 (*citing* T.C.A. § 39-11-302(b)). Thus, the "knowing" element of second degree murder was satisfied. Similarly, Defendant's act of driving a pickup truck at an excessive speed, across the yards, and through chain-link fences of residences located in proximity to the road, where Defendant is evading police and swerving to both sides of the road is "reasonably certain to cause [damage to . . . real or personal property of another]." T.C.A. § 39-11-302(b). Therefore, Defendant acted "knowingly" when he damaged the victims' property.

The remaining element concerns whether Defendant caused the property damage knowing that he did not have the owner's effective consent to cause such damage. Again, the proof showed that Defendant recklessly operated his vehicle in an effort to evade police apprehension. The officers' attempt to stop Defendant was previously unplanned, as was Defendant's conduct in evading the police. The resulting damage to the victims' property occurred shortly after the chase began. As such, a reasonable juror could infer that Defendant had not obtained the owners' effective consent to cause damage to their real and/or personal property.

In a similar case, *State v. Brooks*, 909 S.W.2d 854 (Tenn. Crim. App. 1995), the defendant's convictions for vandalism were based upon his conduct which resulted in damage to property during a high-speed police chase. The defendant challenged the sufficiency of the evidence, arguing that he did not act "knowingly" to cause damages because he was intoxicated. This Court reviewed the proof and held that there was sufficient evidence for the jury to conclude beyond a reasonable doubt "that the defendant possessed the requisite mental capacity to be guilty of vandalism." *Id.* at 859.

The proof showed that the defendant initially accelerated up to one hundred miles per hour when two patrol cars activated their sirens and emergency lights. As the officers pursued, the defendant often crossed over the highway dividing line, going north in the southbound lane. He ran a red light and went to the outskirts of town. The defendant then turned into a dead-end road, striking a highway sign that landed in the back window of a pursuing patrol car. He spun the truck around in one victim's yard and then struck another police car parked in the middle of the road. The defendant accelerated again, fish-tailing the vehicle, and struck a third patrol car. He then drove into two other yards and struck the porch of a house before getting stuck in a ditch. The defendant was convicted of vandalism (and theft) of the vehicle he was driving, vandalism of the three patrol cars he damaged, and vandalism of the three separate properties on the dead-end road. A panel of this Court affirmed all of the vandalism convictions.

In light of the above authority and reasoning, I would affirm Defendant's convictions for vandalism.

                                                  _____

                                                  THOMAS T. WOODALL, JUDGE