# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 5, 2006

## STATE OF TENNESSEE v. ATOYA L. EVERY AND CHARLIE LETEZ FLEMING

**Direct Appeal from the Criminal Court for Shelby County**
No. 03-05331     Carolyn Wade Blackett, Judge

**No. W2005-00547-CCA-R3-CD  - Filed June 28, 2007**

The defendants, Atoya L. Every and Charlie Letez Fleming, were indicted for felony murder in the perpetration of aggravated child neglect resulting in the death of the two-year-old victim, Amber Cox Cody.   A jury convicted the defendants of misdemeanor reckless endangerment (Class A misdemeanor).  Both defendants were sentenced to eleven months and twenty-nine days.  Defendant Every was placed on full probation.  Defendant Fleming was sentenced to serve six weeks, with the remainder on probation.   The defendants' appeals of their convictions have been consolidated. Defendant Every poses two issues: 1) whether misdemeanor reckless endangerment is a lesser included offense of first degree murder in the perpetration of aggravated child abuse; and (2) whether the evidence is sufficient to support the conviction.  Defendant Fleming contends that the trial court erred in its failure to grant (1) his pretrial motion to dismiss for failure to state a cause of action; and (2) his motion for judgment of acquittal for failure to "present sufficient facts to constitute felony murder."  After review, we affirm the defendants' judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

William D. Massey and Lorna McClusky, Memphis, Tennessee, for the appellant, Atoya L. Every.

Jeffrey Jones, Bartlett, Tennessee, for the appellant, Charlie Letez Fleming.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Thomas Henderson and Kevin Rardin, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Amber Cox Cody, the two-year-old victim, was escorted to a van operated by Children's Rainbow Learning Center (daycare) by her father at 7:18 a.m. on June 25, 2003. The victim was strapped into a carseat by Defendant Fleming, the van attendant. Matthew Cody, the victim's father, signed the transportation log maintained by the daycare. The victim's lifeless body was discovered at approximately 3:30 p.m. that afternoon by Shawnda Burton, the van driver.[1] The victim was still in her carseat. The cause of death was hypothermia with dehydration, according to Dr. O. C. Smith, the examining forensic pathologist.

Andrea Michelle Peete, the director of the daycare, described the duties of the three defendants in regard to transportation of the children. A transportation log was maintained by Defendant Fleming, the van attendant. He was responsible for entering the time that children were picked up, and the parent or guardian signed it in acknowledgment. A time for drop-off at the daycare was also to be completed by the van attendant.

Ms. Peete testified that she had instructed the van driver (Burton), the attendant (Fleming), and the assistant director (Every) to walk the length of the van's interior, checking in and underneath each seat to ensure that all children were off the van. The transportation log for June 25, 2003, reflected Defendant Fleming's entry that the victim was delivered to the daycare at 8:05 a.m. The transportation log had signature blocks for the van attendant, van driver, and the director to sign. Only Defendant Fleming signed on June 25.

In his statement to police, Defendant Fleming admitted that he had only checked the van by looking over the seats from the front of the van. Defendant Every admitted, in her statement, that she did not check the van for the presence of children on June 25. She elaborated by saying that, routinely, no one checked the logs in the morning but took the words of the attendant and the driver as sufficient.

According to Tracey Merriwether, a teacher at the daycare, Burton told her, on the morning of June 25, that the victim had not come that day. An eight-inch, bright yellow tag hung from the van's rear view mirror containing the words, "Are all the kids off the van?"

The jury found both Defendants Every and Fleming guilty of misdemeanor reckless endangerment.

---

[1] Burton was a co-defendant indicted on the same charge of felony murder. She was convicted of criminally negligent homicide but is not a party to this appeal.

Analysis

Defendant Every's Issues

In Defendant Every's first issue on appeal, she contends that misdemeanor reckless endangerment is not a lesser included offense of first degree felony murder in the perpetration of aggravated child neglect.

The State contends that this issue was waived by the defendant for failure to include it as one of her grounds in either her original or amended motions for new trial. It is also clear from the record that Defendant Every specifically requested that misdemeanor reckless endangerment be charged as a lesser included offense. We agree with the State's contention.

Because we conclude that the defendant waived the issue, we do not reach the merits of the issue. Tennessee Rule of Appellate Procedure 3(e) provides that alleged error in jury instructions must be specifically stated in a motion for new trial or be treated as waived. A trial judge is obliged to give the parties an opportunity to object to proposed lesser included offense instructions. If a party fails to object, then the inclusion of the lesser included offense may not be used in a motion for new trial or on appeal. T.C.A. § 40-18-110(d) (2006). Furthermore, the defendant requested the instruction that she now alleges is error. This court has no obligation to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). The defendant requested the jury instruction at issue and now stands convicted of the requested charge. The defendant has waived appellate review of the issue.

In her second issue, Defendant Every challenges the sufficiency of the evidence to support the conviction for misdemeanor reckless endangerment.

When presented such an issue, our standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003). Because a verdict of guilt removes the presumption of innocence and imposes a presumption of guilt, the burden shifts to the defendant upon conviction to demonstrate why the evidence is insufficient to support the verdict. Id. at 237. On appeal, the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom. State v. Smith, 24 S.W.3d 274, 279 (Tenn. 2000).

Reckless endangerment is statutorily defined as follows:

(a)      A person commits an offense who recklessly engages in conduct that places or may place another person in imminent danger of death or serious bodily injury.

(b)      Reckless endangerment is a Class A misdemeanor; however, reckless endangerment committed with a deadly weapon is a Class E felony.

T.C.A. § 39-13-103 (2006).

"Reckless" refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

T.C.A. § 39-11-302(c) (2006).

The defendant argues that a conviction for misdemeanor reckless endangerment could withstand scrutiny only if Defendant Every was aware that the victim was left on the van and then failed to inspect the van. The defendant relies upon language in State v. Ducker, 27 S.W.3d 889, 897 (Tenn. 2000), which stated that the defendant in a case of aggravated child abuse must have knowingly abandoned the children in a car. The elements of reckless endangerment, however, involve a lesser degree of culpability, that of a reckless disregard of a substantial and unjustifiable risk.

Defendant Every had a duty and had been instructed to personally inspect the van interior for the presence of children. She admitted that she did not do so on the date of the victim's death. Her failure to inspect was a conscious disregard of a substantial risk which resulted in the victim's abandonment and ultimate death.

We conclude that a rational jury could have found beyond a reasonable doubt that the defendant engaged in reckless conduct that placed the victim in imminent danger of death or serious bodily injury and that the defendant knew or should have known of this danger.

Defendant Fleming's Issues

Defendant Fleming's first issue contends that the trial court erred in refusing to grant his pretrial motion to dismiss for failure to state a cause of action.

The State urges us to treat the issue as waived due to Defendant Fleming's failure to include in the appellate briefs an argument in support other than incorporation of his pretrial memorandum supporting the motion. We agree that this does not conform to the intent of Tennessee Rule of Appellate Procedure 27(a)(7), requiring argument and could be treated as waived. Tenn. R. Ct. Crim. App. 10(b). However, we will address the issue, which we perceive as essentially arguing the facts of the case. The defendant contended the indictment was faulty in that the defendant could not

be guilty of aggravated child neglect, the underlying felony, unless the defendant knew the victim was on the van. The trial court ruled that the defendant's motion failed to state a legal or factual basis upon which relief could be granted and found the indictment to be facially valid. After review, we affirm the trial court's order denying the motion.

This issue is a question of law and, accordingly, our review is de novo with no presumption of correctness as to the trial court's ruling. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).

The indictment for first degree felony murder read as follows:
THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:
SHAWNDA BURTON
CHARLIE LETEZ FLEMING
ATOYA L. EVERY
on June 25, 2003, in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and with the intent to commit aggravated child neglect, as defined in T.C.A. 3915-402, kill AMBER COX-CODY, a child six (6) years of age or less, during the perpetration of aggravated child neglect, in that the defendants, the said SHAWNDA BURTON and CHARLIE LETEZ FLEMING and ATOYA L. EVERY, did unlawfully and knowingly other than by accidental means, neglect AMBER COX-CODY, a child six (6) years of age or less, by failing to verify that she, the said AMBER COX-CODY, was not on the daycare van used by the said defendants to transport children, so as to adversely affect the health and welfare of the said child, such act resulting in the death of the said child, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee.

Individuals accused of a crime are guaranteed the right to be informed of the nature and cause of the accusation by the Sixth and Fourteenth Amendments to the United States Constitution and Tennessee Constitution Article I, Section 9. The constitutional provisions have been interpreted to require that an indictment provide: (1) notice to the accused of the offense charged; (2) the court with an adequate ground upon which a proper judgment may be entered; and (3) the defendant with protection against double jeopardy. Wyatt v. State, 24 S.W.3d 319, 324 (Tenn. 2000).

Tennessee Code Annotated section 40-13-202 provides as follows:
The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

We conclude that the indictment in this case meets the above requirements. Therefore, we affirm the trial court's ruling on Defendant Fleming's motion to dismiss.

Defendant Fleming, in his last issue, contends that the trial court erred in failing to grant his motion for judgment of acquittal on the indicted offense.

The basis for a judgment of acquittal is found in Tennessee Rule of Criminal Procedure 29(b) and reads as follows:

> On defendant's motion or its own initiative, the court shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, presentment, or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

A trial court, in considering a motion for judgment of acquittal, must favor the State with the strongest legitimate view of the evidence, including all reasonable inferences to be drawn therefrom, and must discard any countervailing evidence. State v. Price, 46 S.W.3d 785, 818 (Tenn. Crim. App. 2000). The trial court's concern is the legal sufficiency of the evidence, not the weight of the evidence presented. State v. Blanton, 926 S.W.2d 953, 957 (Tenn. Crim. App. 1996).

Defendant Fleming argues that the subject motion should have been granted because the State had not shown a "knowing neglect," i.e., that Defendant Fleming knew the victim was left on the van. The evidence presented showed that Defendant Fleming admitted he did not make a personal thorough inspection of the van as was his duty. It further showed that he certified on the daycare's transportation log that the victim had vacated the van at the daycare. We conclude that a rational jury could have found the defendant's conduct to be knowing neglect beyond a reasonable doubt. Accordingly, we affirm the trial court's denial of the motion for judgment of acquittal. We would further note that the jury's finding that the defendant was guilty of a lesser included offense rendered this issue moot.

## Conclusion

We conclude, after review, that no error is present and accordingly affirm the defendants' judgments of conviction.

_____
JOHN EVERETT WILLIAMS, JUDGE