IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## OMOWALE A. SHABAZZ AKA FRED EDMOND DEAN v. JAMES WORTHINGTON, WARDEN

Appeal from the Circuit Court for Morgan County
No. 9394      E. Eugene Eblen, Judge

No. E2008-01627-CCA-R3-HC - Filed February 11, 2009

The petitioner, Omowale A. Shabazz, filed in the Morgan County Circuit Court a petition for a writ of habeas corpus. The habeas corpus court summarily dismissed the petition, and the petitioner appeals. The State filed a motion requesting that this court affirm the habeas corpus court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. After review, we conclude that the petition was properly dismissed. Accordingly, the State's motion is granted and the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Omowale A. Shabazz, Nashville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

Previously, this court summarized the procedural history of the petitioner's case as follows:

> The Sullivan County grand jury charged the [p]etitioner, Fred Edmond Dean a/k/a Omowale A. Shabazz, by presentment with one count each of first degree murder and attempted first degree murder; a Sullivan County jury convicted the [p]etitioner of second degree murder and attempted second degree murder, and the trial court sentenced him to consecutive thirty and fifteen year sentences, respectively. The convictions and sentences were affirmed on direct appeal. See State v. Fred Edmond Dean, No. 03C01-9508-CC-00251, 1997 WL 7550 (Tenn. Crim. App., at

Knoxville, Jan. 10, 1997), perm. app. denied (Tenn. Sept. 2, 1997). The [p]etitioner's post-conviction petition was also denied after an evidentiary hearing, but this [c]ourt vacated the conviction for attempted second degree murder and the Tennessee Supreme Court affirmed that decision. See Fred Edmond Dean v. State, No. E1998-00135-CCA-R3-PC, 2000 WL 337552 (Tenn. Crim. App., at Knoxville, Mar. 21, 2000), perm. app. denied (Tenn. Nov. 13, 2000); Dean v. State, 59 S.W.3d 663 (Tenn. 2001).

Omowale A. Shabazz v. Jim Worthington, Warden, No. E2007-00634-CCA-R3-HC, 2007 WL 2984694, at *1 (Tenn. Crim. App. at Knoxville, Oct. 15, 2007), perm. to appeal denied, (Tenn. 2008). Thereafter, the petitioner filed a habeas corpus petition, which was denied for failure to comply with procedural requirements. On appeal, this court affirmed the dismissal of that habeas corpus petition. Id. at *2.

The petitioner then filed in the Morgan County Circuit Court his instant petition for habeas corpus relief. In the petition, the petitioner argued that Tennessee Code Annotated section 39-13-210, the second degree murder statute, is unconstitutional because it is vague and overbroad in that it prohibits knowing killings perpetrated in self-defense. He also argued that at the time of his trial in 1995, Tennessee courts "defined 'knowing' or 'knowingly' in a way that was vague and overbroad. It wasn't until . . . State v. Ducker, 27 S.W.3d 889 (Tenn. 2000) [was decided] that the 'knowing' element was sufficiently defined for second degree murder." As further support, the petitioner also cited State v. Page, 81 S.W.3d 781, 785 (Tenn. Crim. App. 2002) and stated that "[t]he 'knowing' element at petitioner's trial was defined in the exact manner as that rejected by the Ducker court."

In response, the State filed a motion to dismiss the petition, contending that the second degree murder statute is not unconstitutional. In an order, the habeas corpus court summarily stated that "the Court is of the opinion that the petition is not well-taken and that the [State's] motion to dismiss should be granted."

The petitioner now appeals, arguing that the habeas corpus court was "extremely vague" in stating the reasons for dismissing his petition. Further, he argues that Rule 12.02 of the Tennessee Rules of Civil Procedure mandated that the court dismiss a habeas corpus petition "only when no set of facts will entitle the petitioner to relief, or when the petition is totally lacking in clarity or specificity." The petitioner does not argue about the merits of his habeas corpus petition. The State responds that the habeas corpus court correctly dismissed the petition.

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citation omitted). Our supreme court has stated that "[w]hen the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

In order to determine whether the trial court correctly dismissed the petition, we must first determine whether the petition raised grounds for habeas corpus relief. In the petition, the petitioner challenged his second degree murder conviction, arguing that the second degree murder statute is unconstitutionally vague. However, our case law does not support his claim. See State v. Suttles, 30 S.W.3d 252, 268-69 (Tenn. 2000) (appendix); State v. Jerry Taylor, No. 01C01-9612-CC-00499, 1998 WL 424570, at *8 (Tenn. Crim. App. at Nashville, July 29, 1998). Moreover, contrary to the petitioner's assertions, a killing in self-defense is, under Tennessee law, considered justifiable. See Tenn. Code Ann. § 39-11-611(a). Thus, the petitioner is not entitled to habeas corpus relief on this basis.

Moreover, regarding the petitioner's complaint concerning the jury instruction on the mens rea of "knowing," this court has previously stated, "Erroneous jury instructions meet none of the . . . requirements for habeas corpus relief. The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post conviction relief." Willie Edward Thornton v. Fred Raney, Warden, No. 02C01-9302-CC-00025, 1994 WL 25827, at *1 (Tenn. Crim. App. at Jackson, Jan. 26, 1994). In other words, such an error, if one existed, does not render the petitioner's conviction void. Therefore, the petitioner is not entitled to habeas corpus relief on this basis.

Based upon our review of the record, we conclude that the habeas corpus court properly dismissed the petition for failure to state a claim warranting habeas corpus relief. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE