**STATE of Tennessee, Appellee,**

v.

**Joel Anthony PUGH, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 27, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

Bart Durham, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Nashville, Mike Bottoms, Dist. Atty. Gen., Lawrenceburg, Robert W. Sands, Robert C. Sanders, Asst. Dist. Attys. Gen., Columbia, for appellee.

## OPINION

SCOTT, Judge.

Charged with aggravated rape of his daughter on various occasions spanning eleven years, the appellant entered a plea of guilty to the offense of rape and received a negotiated sentence of ten years in the state penitentiary as a Range I, standard offender. He sought but was denied probation. From that denial he has appealed.

He has presented two issues. First, he questions whether the trial judge erred by considering "the alleged statement of the defendant" contained in the presentence report. He contends that the statement was never authored, authenticated or adopted by him and that he was incompetent at the time the statement was given. He further contends that the statement in the presentence report is actually a transcription of an earlier statement which was never offered into evidence. Therefore, he contends that "grossly unreliable hearsay" was used to justify the denial of probation.

The probation report contains a one and one-half page statement, in the question and answer format. In the statement the appellant admitted that he sexually abused his adopted daughter beginning when she was five or six years old. It began when she touched his penis as they were taking a bath together and inquired what it was. On two or three occasions when she was ten or eleven years old, he masturbated to orgasm in front of her. He further admitted that when she was twelve to fourteen years old that she masturbated him about three times. He further stated that he had tried to have sex with her a number of times but never did. He admitted touching and rubbing her vagina but denied ever penetrating it with his finger. He also admitted that he put his mouth on her vagina two or three times, and that about five months before the statement was given, he kissed her breast at her insistence.

Presentence investigations are authorized and directed by TCA §§ 40–21–104(a)(1) and 40–35–205(a). The former section provides that, when a probation officer is available, no defendant shall be placed on probation until "a written report of investigation" shall have been presented and considered by the court. The latter section provides that in felony cases the court *shall* direct the presentence service officer to make a presentence investigation and report. (emphasis added) In the event the sentence has been agreed upon by the prosecution and the defense and accepted by the court, as in this case, the presentence report is not required, but the judge may, in his discretion, direct that a report be prepared. TCA §§ 40–35–203(b) and 40–35–205(d). Among the matters which must be included in the presentence report are "(t)he characteristics and circumstances of the offense," TCA § 40–35–207(a)(1), and information relating to enhancement or mitigating factors, whether asserted by the parties or not. TCA § 40–35–207(a)(3) and (5). The presentence report shall be filed with the court clerk and complete copies will be made available to the parties for at least five days prior to the hearing. TCA § 40–35–208. At the sentencing hearing the rules of evidence shall apply, except

that "reliable hearsay" may be admitted "provided that the opposing party is afforded a fair opportunity to rebut any hearsay evidence so admitted." TCA § 40–35–209(b).

■ The importance of presentence reports has been recognized by no less an authority than the U.S. Supreme Court. In considering a similar issue, our highest court stated:

Under the practice of individualizing punishments, investigational techniques have been given an important role. Probation workers making reports of their investigations have not been trained to prosecute but to aid offenders. Their reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information. To deprive sentencing judges of this kind of information would undermine modern penalogical procedural policies that have been cautiously adopted throughout the nation after careful consideration and experimentation. We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 1084–1085, 93 L.Ed. 1337 (1949).

The sentencing court must be permitted to consider "any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed." *Wasman v. United States*, 468 U.S. 559, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984).

Citing Paine, *Tennessee Law of Evidence*, §§ 47 and 54, and Rule 801(d)(2), Fed.R.Evid., our Supreme Court has questioned whether a criminal defendant's out-of-court statement is an exception to the hearsay rule or not even hearsay at all, since he is present and available for cross-examination. The Court noted that the Federal Rule provision that it is not hearsay is the better rule. However, the Court continued that under either theory, the statement is admissible. *State v. Jones*, 598 S.W.2d 209, 223 (Tenn.1980). In this case it matters not whether the statement is considered an exception to the hearsay rule or nonhearsay. The result is the same. The appellant was given ample opportunity to attack the reliability of his out-of-court statement, since he was present in court. However, he did not testify. Likewise, the preparer of the report was also not called as a witness. In fact, the presentence report was admitted without objection from defense counsel. There was absolutely no error in the trial judge considering the appellant's confession which was included in the presentence report. This issue has no merit.

In the second issue the appellant contends that the trial judge improperly denied probation because he gave "inordinate weight to the nature of the offense and failed to weigh the mitigating factors."

In denying probation the trial judge pointed to the circumstances of the offense, the best interest of the general public and the deterrent effect upon others who may be disposed to sexually abuse their children. As mitigating factors he pointed to the fact that the appellant had no prior criminal record. As to the appellant's social history, the judge noted that he has a stable family who have rallied around him. He also noted that during the period when the offenses occurred the appellant drank enormous amounts of alcohol and took enormous amounts of drugs.

■ In determining whether to grant probation, the trial judge must look to the circumstances of the offense, the defend-

ant's criminal record, his social history and present condition, including his physical and mental conditions. The trial judge must consider whether the granting of probation will benefit the defendant and the public and may deny probation based upon the deterrent effect upon other criminal activity. TCA § 40–21–104(a)(1). In sentencing determinations the trial judge must look to the offense as it actually occurred, not to textbook definitions. *State v. Ford,* 643 S.W.2d 913, 915 (Tenn.Cr.App.1982).

■ Since a sentencing issue has been raised in this appeal, we have conducted the *de novo* review on the record mandated by § 31 of the Tennessee Comprehensive Correction Improvement Act of 1985, Chap. 5, Public Acts of 1985, First Extraordinary Session, to be codified at TCA § 40–35–402(d). In so doing, we have indulged in no presumption that the sentencing decisions of the trial judge were proper. We find that the denial of probation was entirely proper. Each factor relied upon by the trial judge was proper. The circumstances of this offense reveal that these were not isolated incidents, but this was an intentional, extensive pattern of criminal acts committed against his daughter over most of her life. The best interests of the public and the defendant will be served by his incarceration. Hopefully, others will be deterred from similar conduct. The denial of probation was manifestly correct. This issue has no merit.

Finding no merit to either of the issues, the judgment is affirmed.

O'BRIEN, J., and RICHARD R. FORD, Special Judge, concur.