IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2003

## STATE OF TENNESSEE v. VERNON LAMAR BRYANT

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 236579    Douglas A. Meyer, Judge**

_____

**No. E2002-01234-CCA-R3-CD**
**October 21, 2003**
_____

Following a jury trial, the defendant was found guilty of attempted reckless homicide, aggravated burglary, and aggravated assault. The trial court merged the attempted reckless homicide conviction into the aggravated assault conviction, and the defendant was sentenced as a Range II, multiple offender, to ten years for aggravated assault and six years for aggravated burglary, with the sentences to run concurrently. The defendant contends that the trial court improperly merged the attempted reckless homicide conviction into his aggravated assault conviction. Also, the trial court erred in instructing the jury on flight. We conclude, following plain error review, that attempted reckless homicide is not a recognized crime in Tennessee. We reverse and dismiss the defendant's conviction for attempted reckless homicide. Further, we conclude that the jury instruction regarding flight was not error, and the trial court correctly sentenced the defendant as a Range II, multiple offender. We affirm the defendant's convictions and sentences for aggravated burglary and aggravated assault.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Dismissed in Part; Affirmed in Part**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Mike A. Little, Chattanooga, Tennessee, for the appellant, Vernon Lamar Bryant.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William H. Cox, III, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was originally indicted for attempted first degree murder, a Class A felony; aggravated burglary, a Class C felony; and aggravated assault, a Class C felony. The defendant, Vernon Lamar Bryant, was found guilty by a Hamilton County jury of attempted reckless homicide,

aggravated burglary, and aggravated assault. The trial court merged the attempted reckless homicide conviction into the aggravated assault conviction. The defendant was sentenced as a Range II, multiple offender, to ten years for aggravated assault and six years for aggravated burglary, with the sentences to run concurrently. On appeal, the defendant contends that the trial court improperly merged the attempted reckless homicide conviction into his aggravated assault conviction. The defendant also contends that the trial court erred on instructing the jury on flight and in sentencing him as a multiple offender.

## Facts

On February 14, 2001, the defendant broke into the home of the victim, Dianne Payne, and told her that he was there to kill her. The defendant hit and kicked the victim in the head and face. A friend of the victim saw the defendant "stomping" the victim in the head and pulled the defendant off of the victim. The defendant ran from the apartment, and the victim's friend called 911. After the incident, the victim was hospitalized for three days and suffered permanent injury to her right eye.

## Analysis

### I. Merger

The defendant contends that the trial court erred in merging his attempted reckless homicide conviction into his aggravated assault conviction. The defendant argues that his conviction for aggravated assault conviction should be merged into his attempted reckless homicide conviction because the attempted reckless homicide conviction was the result of the "greater charge" of attempted first degree murder. The defendant contends that he should be sentenced for attempted reckless homicide, a Class E felony, instead of being sentenced for aggravated assault, a Class C felony.

In the circumstance in which two guilty verdicts are returned as two alternative charges, the guilty verdict on the greater charge stands and the guilty verdict on the lesser charge merges into the greater charge. See State v. Davis, 613 S.W.2d 218 (Tenn. 1981). If the trial court finds that two convictions cannot both stand, "the conviction for the greater offense must stand." State v. Beard, 818 S.W.2d 376, 379 (Tenn. Crim. App. 1991). The greater offense is the offense with the most severe punishment. Id.

We conclude, following plain error review, that the crime of attempted reckless homicide does not exist in Tennessee. Our Supreme Court in State v. Kimbrough, held "a charge of 'attempted felony-murder' is inherently inconsistent, in that it requires that the actor have intended to commit what is deemed an unintentional act." 924 S.W.2d 888, 890 (Tenn. 1996). The Supreme Court concluded "that one cannot intend to accomplish the unintended. Consequently, the offense of attempted felony-murder does not exist in Tennessee." Id. at 892. We conclude that an attempted reckless homicide would indeed require the actor to intend to commit an unintentional act; therefore,

it is not a recognized crime in Tennessee. See also State v. Thomas E. Bradshaw, No. 01C01-9609-CR-00406, 1997 Tenn. Crim. App. LEXIS 912, *11-13 (Tenn. Crim. App., at Nashville, Sept. 19, 1997).

## II. Jury Instructions

The defendant contends that the trial court erred in its instructions regarding flight. Specifically, the defendant argues there is no evidence the defendant was "hiding out, evading or concealing himself in the community or leaving the area to parts unknown."

The trial court instructed the jury as follows:

> The flight of a person accused of a crime is a circumstance which, when considered together with all the other facts in the case, may justify an inference of guilt. Flight is the voluntary withdrawal of one's self for the purpose of evading arrest or prosecution for the crime charged.
>
> Whether the evidence presented proves beyond a reasonable doubt the defendant fled is a question for your determination. The law makes no nice or refined distinction as to the manner or method of flight. It may be open or it may be a hurried or concealed departure, or it may be a concealment within the jurisdiction. However, it takes both a leaving of the scene of the difficulty and a subsequent hiding out, evasion or concealment in the community, or leaving of the community for parts unknown to constitute flight.
>
> If flight is proven, the fact of flight alone does not allow you to find the defendant guilty of the crime alleged. However, since flight by a defendant may be caused by a consciousness of guilt, you may consider the fact of flight, if flight is proven, together with all the other evidence, when you decide the guilt or innocence of the defendant.
>
> On the other hand, an entirely innocent person may take flight, and such flight may be explained by proof offered or by the facts and circumstances of the case. Whether there was flight by the defendant, the reason for it, and the weight to be given to it are questions for you to determine.

In the instant case, the trial court followed the Tennessee Pattern Jury Instruction on flight. See T.P.I. - Crim. 42.18. In order for a trial court to charge the jury on flight as an inference of guilt, there must be sufficient evidence to support such instruction. Sufficient evidence supporting such instruction requires "'both a leaving the scene of the difficulty and a subsequent hiding out, evasion, or concealment in the community.'" State v. Burns, 979 S.W.2d 276, 289 (Tenn. 1998) (quoting State v. Payton, 782 S.W.2d 490, 498 (Tenn. Crim. App. 1989)).

The defendant argues that he was not actively hiding from the authorities and did nothing to leave the community. However, the testimony reveals that the defendant fled from the crime scene and was at large at the time of his arrest. The defendant may not have been doing anything to conceal himself in the community, nevertheless, he did not make his whereabouts known to the authorities. The jury was informed by the trial court that it was the duty of the jury to determine whether the defendant fled. There is nothing in the record that suggests the trial court erred in giving such an instruction. Furthermore, the defendant has failed to demonstrate how he was prejudiced by this instruction, if it was error to give the charge.

## III. Sentencing

The defendant contends that the trial court erred in sentencing him as a Range II, multiple offender. The defendant argues that the technical record does not contain certified copies of judgments eluded to by the prosecutor and that the pre-sentence report only included alleged convictions. The defendant contends there is insufficient evidence to sentence him as a Range II, multiple offender.

When the accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-25-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashley, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993).

In conducting a de novo review of a sentence, this court must consider: (a) any evidence received at the trial and/or sentencing hearing, (b) the pre-sentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Ashby, 823 S.W.2d at 169. Here, the defendant must show that the trial court erred in sentencing him as a Range II, multiple offender. The trial court sentenced the defendant as a Range II, multiple offender, to ten years for aggravated assault, a Class C felony, and six years for aggravated burglary, a Class C felony, with the sentences to run concurrently.

According to the pre-sentence report, the defendant has a lengthy criminal history which includes convictions for assault with a firearm, a Class C felony; robbery, a Class C felony; theft, a Class E felony; escape, a Class E felony; sexual battery, a Class E felony; marijuana possession, a Class A misdemeanor; assault, a Class A misdemeanor; and shoplifting, a Class A misdemeanor.

The defendant's objections to the lack of certified copies of the judgments of conviction are without merit. Tennessee Code Annotated section 40-35-208 (1982) mandates the availability of the pre-sentence report to the defendant and the trial judge has inherent power to address any complaint regarding noncompliance. See State v. Pugh, 713 S.W.2d 682, 683 (Tenn. Crim. App. 1986). The record indicates that the defendant made no objection to the trial judge's reception of the pre-sentence report as an exhibit nor did the defendant seek to continue the sentencing hearing, as is suggested and approved in Tennessee Code Annotated section 40-35-209(a). Furthermore, the defense counsel did not challenge the convictions listed in the pre-sentence report or suggest that the records were inadequate or misrepresented his prior criminal convictions. Because the defendant may controvert any portion of the pre-sentence report that may be incorrect, he was protected in the event the pre-sentence report was inaccurate. Tennessee Code Annotated section 40-35-209(d) provides in part that "if the pre-sentence report was controverted at the sentencing hearing, the court shall order the report modified to incorporate any findings of the court that are inconsistent with the original report and the defendant shall be entitled to file a statement in response to the pre-sentence report and the court's findings." Therefore, the trial court and this court can presume the history of arrests and convictions contained in the pre-sentence report are accurate.

Tennessee Code Annotated section 40-35-106(a)(1) defines a "multiple offender" as a defendant who has received a minimum of two, but not more than four, prior felony convictions within the conviction class, a higher class, or within the next two lower felony classes, where applicable. In the instant case, the defendant's prior criminal record justifies a sentence of a multiple offender. Tennessee Code Annotated section 40-35-106(c) states that "[a] defendant who is found by the court beyond a reasonable doubt to be a multiple offender shall receive a sentence within Range II." Tennessee Code Annotated section 40-35-112(b)(3) provides that a "Range II" sentence for a Class C felony be no less than six years and no more than ten years.

The record substantiates the defendant's status as a Range II, multiple offender. We conclude that the trial court properly sentenced the defendant within the appropriate range, given his extensive criminal history.

### Conclusion

For the aforementioned reasons, we reverse and dismiss the defendant's conviction of attempted reckless homicide and affirm the remaining judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE